**STATE of Missouri,
Plaintiff-Respondent,**

v.

**Roy HENDERSON, Defendant-Appellant.**

**No. 46698.**

Missouri Court of Appeals,
Eastern District,
Division Four.

Feb. 7, 1984.

Motion for Rehearing and/or Transfer to Supreme Court Denied March 8, 1984.

Application to Transfer Denied
April 16, 1984.

Henry B. Robertson, Public Defender, St. Louis, for defendant-appellant.

Kristie Lynne Green, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

GAERTNER, Presiding Judge.

Appellant was convicted by a jury of first degree robbery and sentenced as a prior offender to 15 years. On appeal, defendant argues (1) his motion to dismiss for a violation of the speedy trial act, § 545.780, RSMo 1978 should have been granted; and (2) his motion for a mistrial because of prosecutorial misconduct during final argument should have been granted.

Defendant does not challenge the sufficiency of the evidence. The jury could have found from the evidence that on September 20, 1981, the defendant went to an all-night gas station at approximately 3:00 a.m. At that time, the station attendant had gone to the bathroom while a friend, Derrick Mack, kept watch. Defendant pointed a .22 rifle at Mack and told him to call the station attendant out of the bathroom. When the station attendant refused to come out, the defendant, still pointing the gun at Mack, demanded Mack's money and told his hidden partner to shoot Mack if he moved. Meanwhile, the station attendant had notified the police by way of her portable "beeper" alarm. When the police arrived, the defendant ran. The po-

lice apprehended him a few blocks away. He was returned to the scene of the crime where he was immediately identified by Mack.

Defendant first argues that his motion to dismiss for violation of § 545.780 should not have been overruled by the trial court. He was arraigned on October 27, 1981. He was not brought to trial until November 19, 1982, 388 days later. During this period various judges of the Circuit Court of the City of St. Louis granted a total of ten continuances. The legal file before us reflects, with the exception of the first continuance, that the judges maintained a scrupulously detailed record showing upon whose motion each of the continuances was granted, together with a specific reason to support the finding of the court that "the ends of justice served by the granting of the continuance outweigh the best interest of the public and the defendant in a speedy trial," as required by § 545.780.3(5)(a).

■ The plethora of decisions construing § 545.780 renders unnecessary any prolonged discussion thereof. The test for determining whether the public and the defendant have received the speedy trial envisioned by the statute was established in the early case of *State v. Richmond*, 611 S.W.2d 351 (Mo.App.1980) and refined in *State v. Franco*, 625 S.W.2d 596 (Mo.1981). The test consists of two components: (1) that the trial was delayed more than 180 non-excludable days from the date of arraignment; and (2) that the excessive delay was occasioned by the State. *State v. Edwards*, 650 S.W.2d 655, 658 (Mo.App. 1983). The facts in this case do not require we reach the second component.

■ Of the 388 days between the date of defendant's arraignment and the date of his trial, 234 days are excludable under the express terms of the statute. The record reflects that defendant's retained counsel withdrew on January 5, 1982. The court immediately appointed an assistant public defender who, on January 8, 1982, requested the court to vacate the trial setting of January 21, 1982, so that he might have time to prepare for trial. This request was granted and the case was reset for trial on February 25, 1982. The 58 days from January 8, 1982, to February 25, 1982, are excludable because requested by defendant's attorney. Section 545.780.3(5)(a). Two continuances, from November 25, 1981, to January 8, 1982, 44 days, and from July 9, 1982, to August 18, 1982, 40 days, were requested by the State because of the unavailability of essential witnesses, a reason expressly set forth in the statute as an excludable period of delay. Section 545.-780.3(2). From August 18, 1982, until November 18, 1982, 92 days, the delays were requested by the defendant while he unsuccessfully pursued applications for Writs of Prohibition in this Court and in the Supreme Court and are admittedly excludable. Deducting the total of the statutorily excludable periods, 234 days, from the 388 days between arraignment and trial, shows defendant's trial to have commenced 154 non-excludable days after arraignment. Accordingly, we do not reach the issue asserted here by defendant that the delay resulting from his appointed counsel being engaged in the trial of other cases should be considered as "occasioned by the state" because the public defender's office is a State office." [1]

■ Defendant's remaining point concerns rulings of the trial court during the prosecutor's final argument to the jury. First, he contends the court erroneously overruled his objection to the argument that it would be contrary to the Court's instructions not to consider the defendant's prior convictions in weighing the credibility of his testimony. Here, he contends the instruction, MAI–CR2d 3.58, is couched in discretionary rather than mandatory language, and therefore the argument was a

---

**1.** While we do not decide this issue, interested parties may look to *Polk County v. Dodson*, 454 U.S. 312, 102 S.Ct. 445, 453, 70 L.Ed.2d 509 (1981) wherein it was held that a public defender's ethical responsibility as an advocate overrides his state employment causing his action on behalf of his client to be independent and not state action. *But see, People v. Johnson*, 26 Cal.3d 557, 162 Cal.Rptr. 431, 606 P.2d 738, 747–48 (Cal. banc 1980), wherein calendar conflicts of a public defender were held insufficient to show "good cause" for continuing a criminal case beyond the 60-day period mandated by California law.

mis-statement of law. There being no specific reference to this matter in defendant's motion for a new trial, it has not been preserved for appellate review. *State v. Gibson,* 633 S.W.2d 101, 107 (Mo.App. 1982). We also note the broad discretion vested in the trial court in ruling upon objections to jury argument. *State v. Ferguson,* 651 S.W.2d 521, 523 (Mo.App.1983).

 Additionally, defendant argues the trial court should have granted a mistrial when the prosecutor argued that the defendant's testimony was "a last ditch effort to avoid going back to the penitentiary." Defendant admitted that he had been twice convicted, once for burglary and once for "stealing over." There was no evidence regarding the sentences imposed on these convictions. The court sustained defendant's objection to the argument and instructed the jury to disregard the comment about "back to the penitentiary." We find no abuse of discretion in overruling the motion for a mistrial under these circumstances. *State v. Armbruster,* 641 S.W.2d 763, 766 (Mo.1982); *State v. Trimble,* 638 S.W.2d 726, 734 (Mo. banc 1982).

The judgment is affirmed.

SMITH and STEPHAN, JJ., concur.