**STATE of Missouri, Respondent,**

v.

**Bernard BRYANT, Appellant.**

**No. 52403.**

Missouri Court of Appeals,
Eastern District,
Division One.

Nov. 10, 1987.

Motion for Rehearing and/or Transfer
Denied Dec. 10, 1987.

Application to Transfer Denied
Jan. 20, 1988.

---

David C. Hemingway, Asst. Public Defender, St. Louis, for appellant.

William L. Webster, Atty. Gen., Carrie Francke, Sp. Asst. Atty. Gen., Jefferson City, for respondent.

GARY M. GAERTNER, Presiding Judge.

Defendant Bernard Bryant appeals from a jury conviction for first degree robbery, RSMo § 569.020 (1986), armed criminal action, RSMo § 571.015 (1986), stealing a motor vehicle, RSMo § 570.030 (1986), and felonious restraint, RSMo § 565.120 (1986). He was sentenced as a prior offender to concurrent sentences of life imprisonment for first degree robbery, twenty years for armed criminal action, seven years for stealing a motor vehicle and seven years for felonious restraint. Defendant raises two points on appeal. He alleges that the prosecutor's comments during closing argument were improper. He also argues that the trial court erred in admitting incriminating statements made by the defendant because they were involuntary. Finding defendant's contentions to be without merit, we affirm.

The evidence reveals that on July 7, 1985, the victim, Arthur Stawiszynski, seventy-three, was robbed by two men as he got out of his vehicle. Defendant approached the victim, said he had a gun, and demanded victim's money. The victim replied that he had no money. The assailants then went through his pockets and struck and kicked him. They next put the victim on the driveshaft mound on the floor of his truck and drove off with him. Defendant was the driver of the vehicle. As the assailants drove away with the victim, defendant threatened to kill him. The assailants took several items of jewelry from victim's person. The victim was eventually thrown out of the truck while it was still moving.

At trial, Officer Winters testified that he advised defendant of his *Miranda* rights prior to asking him any questions on September 17, 1985, the date defendant was arrested. He went on to state that defendant acknowledged that he understood his *Miranda* rights but nevertheless indicated that he wanted to speak with Officer Winters. Officer Winters also said that defendant asked to speak to Officer Fumagalli. Officer Fumagalli then testified that he went to where defendant was being questioned. He exchanged greetings with defendant, at which point defendant said he wanted "to get it off his chest and wanted to go to the penitentiary and do his time and get it over with." Officer Fumagalli stopped defendant before he said anything further and presented a written *Miranda* form which defendant signed. The defendant proceeded to make an oral statement in

which he confessed to all the essential elements of the crimes for which he was charged. Defendant then agreed to make a written statement in which he again admitted committing the essential elements of the crimes.

During closing argument, defendant's counsel argued that defendant's confessions consisted of facts known to the police prior to defendant's arrest and that the police had extracted defendant's confession. In rebuttal summation, the prosecutor argued over objection that Officers Winters and Fumagalli would not lie because they would not do that to themselves, the people of Florissant or the victim.

 In his first point, defendant asserts that the trial court erred in overruling defendant's objection to the prosecutor's closing argument. On appeal, this court recognizes that broad discretion resides in the trial court to control closing argument and a wide latitude is to be accorded counsel in his summary. *State v. McDonald*, 661 S.W.2d 497, 506 (Mo. banc 1983), *cert. denied, McDonald v. Missouri*, 471 U.S. 1009, 105 S.Ct. 1875, 85 L.Ed.2d 168 (1985). We will only reverse a trial court's ruling where the closing argument is found to be plainly unwarranted. *State v. McDonald*, 661 S.W.2d at 497. The prosecutor has the right to draw any inference from the evidence which he believes in good faith to be justified. *State v. Armbruster*, 641 S.W.2d 763, 766 (Mo.1982), *overruled on other grounds, Rowe v. Farmers Insurance Co.*, 699 S.W.2d 423 (Mo. banc 1985). Further, it is the prosecutor's right, within the broad limits of closing argument, to comment on the witnesses' credibility from the State's viewpoint. *State v. Cage*, 452 S.W.2d 125, 130 (Mo. 1970). Whether a prosecutor has exceeded the leeway given him in such comment is a matter within the sound discretion of the trial court. *State v. Harris*, 622 S.W.2d 330, 336 (Mo.App., E.D.1981).

 In *State v. Harp*, 680 S.W.2d 297, 300 (Mo.App., E.D.1984), this court held that a prosecutor's remark that the jury had to "vindicate" the police officers was

an argument supporting the credibility of the State's witnesses, and "well within the broad perimeters of permissible closing argument." Similarly, it was not error to allow a prosecutor's statement to the effect that in order to acquit defendant the jury would have to believe that the testifying police officer perjured himself and that the jury should be ready to try the police officer for perjury. *State v. Nauman*, 592 S.W.2d 258, 261 (Mo.App., E.D.1979). In the present case, the trial court did not abuse its discretion in allowing the prosecutor's closing argument as his comments fell well within the permitted boundaries of closing argument; in particular, they were merely comments on the witnesses' credibility from the State's perspective.

Furthermore, it is well recognized that a prosecutor is permitted to exceed the normally recognized limits of closing argument in retaliation to defense counsel's argument. *State v. Taylor*, 728 S.W.2d 557, 560 (Mo.App., E.D.1987). The United States Supreme Court has cautioned that "the reviewing court must not only weigh the impact of the prosecutor's remarks, but must also take into account defense counsel's opening salvo." *United States v. Young*, 470 U.S. 1, 105 S.Ct. 1038, 1045, 84 L.Ed.2d 1 (1985). This point is denied.

 Defendant also contends it was plain error for the trial court to have admitted incriminating statements which he made to Officer Fumagalli. He alleges the statements were involuntary. Under review for plain error, we will only examine the record to determine whether manifest injustice or a miscarriage of justice has occurred with regard to defendant's substantial rights. Rule 29.12(b). It appears from the record that no error, plain or otherwise, is present. The record indicates that defendant was read his *Miranda* rights prior to each interrogation and each time he made an effective waiver. Defendant seems to be alleging that Officer Fumagalli was under an obligation to advise defendant of his *Miranda* rights the very moment the Officer entered defendant's presence. The rule concerning subsequent interrogations is that *Miranda* warnings

need not be given each time the accused is questioned. *State v. Woodward*, 587 S.W. 2d 287, 289 (Mo.App., E.D.1979). Indeed, in this instance, it is difficult to even find that Officer Fumagalli questioned defendant before the Officer did, in fact, give defendant his *Miranda* rights again. Our review finds no indication that defendant's confession was not voluntarily given. Bare allegations that defendant experienced fear in dealing with the police and that defendant's written confession was dictated to him by Officer Fumagalli are unsupported by the record and are without merit. *State v. Ross*, 606 S.W.2d 416, 425 (Mo.App., E.D. 1980). This point is denied.

The judgment of the trial court is affirmed.

REINHARD and CRIST, JJ., concur.