STATE of Missouri, Respondent,

v.

Dwayne JENKINS, Appellant.

No. 54347.

Missouri Court of Appeals,
Eastern District,
Division One.

Jan. 31, 1989.

Motion for Rehearing and/or Transfer to Supreme Court Denied Feb. 28, 1989.

Application to Transfer Denied
April 18, 1989.

James S. McKay, St. Louis, for appellant.

William L. Webster, Atty. Gen., John P. Pollard, Asst. Atty. Gen., Jefferson City, for respondent.

CRIST, Judge.

Defendant appeals from jury convictions for two counts of robbery in the first degree, § 569.020, RSMo 1986, and one count of attempted robbery in the first degree, § 564.011, RSMo 1986. He was sentenced as a prior offender to terms of twenty-five years on each count, with the terms to run concurrently. We affirm.

On March 27, 1987, four victims were walking along Riverview Boulevard in the City of St. Louis between the hours of 7 and 8 p.m. when two black men approached them and robbed them with the aid of a gun. When a police car came in view, the man with the gun ran north on Riverview and the victims ran south.

Two police officers observed four white males running south and a black man running north. The officers stopped to inquire as to what was wrong, and the victims told them they had been robbed by two black men. The officers immediately drove to the spot where they had observed one of the suspects run, a loading dock of an area business. One of the officers discovered defendant hiding behind the wheels of a trailer. The weapon used in the robbery was found fifty feet from where defendant was found.

Defendant was taken to the police station by another officer while the original officers took the victims to the scene of the crime to look for their stolen property. A wallet and key chain belonging to one of the victims was found. While at the scene, the victims were shown a suspect, but each stated the suspect was not a participant in the robbery.

Within an hour of the robbery, the victims were taken to the police station where they observed defendant and identified him as the one who wielded the gun during the robbery. The victims viewed defendant separately, not in the presence of one another. Defendant first argues the trial court erred in failing to suppress the identification testimony because it was tainted by a highly suggestive show-up procedure.

In determining the admissibility of identification testimony, a court must determine if the pre-trial identification procedure was suggestive, and if so, what impact the suggestive procedure had on the reliability of the witnesses' identification. *State v. Williams*, 717 S.W.2d 561, 564[4] (Mo.App.1986).

In this case each of the State's three eyewitnesses viewed defendant at a distance not greater than five feet. Each saw defendant's face. Defendant commanded their attention by threatening them with a gun. Immediately after the robbery, one of the victims told the police officers a black man had just robbed him and pointed to the robber who was then running away. Within an hour of the robbery, each victim positively identified defendant as the man who robbed them. It is also important to note the victims did not identify the suspect shown to them at the crime scene. *See State v. Whitley*, 743 S.W.2d 482, 484 (Mo. App.1987). All of these facts support our conclusion that the identification testimony was reliable.

Finally, defendant contends the trial court erred in overruling his objection to the State's closing argument wherein the assistant prosecutor described defendant's testimony as a "preposterous lie" and characterized it as "the only evidence presented by the defendant." His lawyer objected on the ground defendant had no burden of proof.

During closing argument, a prosecutor is permitted to comment on the credibility of defense witnesses. *State v. Nickens,* 701 S.W.2d 478, 483[3] (Mo.App.1985). Moreover, a comment made in closing argument after a defendant has testified regarding the lack of evidence supporting defendant's position is not improper. *State v. Heinz,* 607 S.W.2d 873, 879[12] (Mo.App. 1980). Therefore, the comments were not unwarranted. We also note the comments were made in response to defense counsel's comment during his closing argument that "there's nothing preposterous" about defendant's story. *See State v. Bryant,* 741 S.W.2d 797, 799 (Mo.App.1987) (prosecutor is allowed to exceed recognized limits of closing argument in retaliation for defense counsel's argument).

JUDGMENT AFFIRMED.

CRANDALL, P.J., and REINHARD, J., concur.