STATE of Missouri, Respondent,

v.

Earl JONES, Appellant.

No. 56144.

Missouri Court of Appeals,
Eastern District,
Division Five.

April 10, 1990.

Motion for Rehearing and/or Transfer to
Supreme Court Denied May 11, 1990.

William L. Webster, Atty. Gen., Andrea K. Spillars, Asst. Atty. Gen., Jefferson City, for respondent.

Henry B. Robertson, Asst. Public Defender, St. Louis, for appellant.

SIMON, Chief Judge.

Defendant, Earl Jones, was convicted by a jury of robbery in the first degree in violation of § 569.020 RSMo 1986 and armed criminal action in violation of § 571.015 RSMo 1986. Defendant was sentenced to consecutive terms of ten years imprisonment for the offense of robbery in the first degree and three years imprisonment for the offense of armed criminal action.

On appeal, defendant contends that: (1) the trial court abused its discretion by refusing to grant defendant's motion to exclude the identification testimony of a witness who failed to submit to a deposition; and (2) the trial court committed plain error by overruling defendant's objections to the prosecutor's personalization of the jury. We affirm.

The evidence and its reasonable inferences viewed in the light most favorable to the verdict, showed the following. On March 9, 1988, the victim was working at "The Fudgery" in Union Station. About 11:30 p.m., the victim left "The Fudgery" to make a bank deposit of $867.00 for her employer at the night depository in Union Station. On the way to the depository, defendant approached the victim and began conversing with her. During the conversation, defendant disclosed that he was employed at the Fiesta Del Rio restaurant, which is also located in Union Station. As the victim approached the depository, defendant jogged up the steps toward the men's restroom. The victim lost sight of him, and she continued toward the night depository, which is in the vicinity of the men's restroom. As she drew her keys to open the depository, someone grabbed her jacket. She turned to see "who was pulling [her]" and saw the defendant. She attempted to scream, but he put a knife to her throat and said, "[d]on't try it." Defendant grabbed the bag containing the deposit and ran toward the front door.

The victim told a valet at the Omni Hotel in Union Station what had happened. Soon afterwards, the valet spotted defendant running down the street. He and two other valets chased defendant and eventually cornered him. Defendant escaped by threatening them with a knife. Defendant was apprehended by the police a few weeks later.

At trial, the victim testified that she had a clear view of defendant's face during the robbery and later identified defendant from police photographs. One valet also testified that he clearly viewed the defendant and identified him from police photographs.

On June 1, 1988, defendant filed a motion to suppress any and all testimony with respect to in-court and out-of-court identifications of the defendant. The motion alleged that such identifications were so inherently suggestive and conducive to mistaken identification as to violate defendant's rights under the Fourth, Fifth, Sixth and Fourteenth Amendments to the Constitution and Article I, Sections 10, 15, and 18(a) of the Missouri Constitution. On September 13, 1988, defendant also filed a motion to exclude from trial any testimony of the victim. The motion requested such exclusion because the victim failed to appear at a scheduled deposition for which she was timely served. On September 28, 1988, the judge sitting in Division 16, overruled defendant's motion to exclude the victim's testimony "provided the state provides defense counsel with access to the victim the weekend prior to trial."

At the pre-trial hearing on the day of trial, the parties discussed the motion to suppress and the motion to exclude with the trial judge. When he inquired into the status of the motion to exclude, defense counsel responded that another judge had previously ruled on the motion. With respect to the motion to suppress, the parties stipulated that the motion would be taken with the case. Not at that time or at any other time during trial did defense counsel advise the trial court that the victim was not made available to defense counsel in contravention of the order denying the mo-

tion to exclude. However, defense counsel did object to all testimony regarding in-court and out-of-court identifications of the defendant "on the basis of the prior motion." The trial court overruled the objections.

In his motion for new trial, defendant claimed that the trial court erred in overruling the motion to exclude and the motion to suppress. The motion for new trial alleged the same basis in support of the motion to suppress and the motion to exclude that were used in the original motions. Defendant claimed that the trial court's failure to sustain the motion to suppress identification testimony violated his rights under the Fourteenth Amendment to the Constitution and Article I, Sections 10, and 18(a) of the Missouri Constitution. Similarly, defendant claimed that the trial court erred in overruling defendant's motion to exclude the victim's testimony because the victim failed to appear at a deposition for which she was timely served.

On appeal, defendant does not challenge the trial court's denial of the motion to exclude the victim's testimony, but does challenge the denial of the motion to suppress the victim's identification testimony. However, the basis propounded on appeal in support of the motion to suppress is not ·the same as the basis previously propounded in support of this motion in defendant's motion for new trial or in his original motion to suppress. Defendant's contention that the trial court erred by denying the motion to suppress identification testimony because the victim failed to appear at a deposition is alleged for the first time on appeal.

■ In his first point, defendant contends that the trial court abused its discretion by refusing to grant his motion to exclude identification testimony of the victim who failed to submit to a deposition. However, this issue has not been preserved for appellate review. A new ground for relief cannot be raised for the first time on appeal. *Oatsvall v. State*, 643 S.W.2d 634, 638[3–5] (Mo.App.1982). "An appellate court will not, on review, convict the trial court of an error on an issue which was not

put before it to decide." *St. Louis County v. McClune*, 762 S.W.2d 91, 92[3–5] (Mo. App.1988).

In defendant's original motion, he sought to suppress identification testimony on the basis that such identifications were so inherently suggestive and conducive to mistake as to violate his constitutional rights. At trial, defense counsel objected to identification testimony "on the basis of the previous motion." In his motion for new trial, defendant claimed the court erred in failing to suppress the identification testimony of the victim because such testimony violated his constitutional rights as the victim did not have sufficient opportunity to observe the person responsible for the crime, and because such identification was the only evidence tying him to the crime. However, defendant's claim that the identification testimony of the victim should have been excluded at trial because the victim had failed to appear at a deposition is alleged for the first time on appeal and consequently is not preserved.

■ Although this issue is not preserved for appellate review, we will review it for plain error ex gratia. Relief is granted under the plain error rule only when the error so substantially affects the rights of the accused that manifest injustice or miscarriage of justice results if left uncorrected. *State v. Sidebottom*, 753 S.W.2d 915, 920[2–4] (Mo. banc 1988).

■ The question of remedies for violation of a discovery rule lies within the sound discretion of the trial court. *State v. Sykes*, 628 S.W.2d 653, 656[8, 9] (Mo.1982). The basic question is whether the state's failure to provide discovery resulted in fundamental unfairness· or prejudice to the substantial rights of the appellant. *Id.* A defendant must be informed as to the identity of a prospective witness and must have a decent opportunity to prepare to meet the testimony. *State v. Scott*, 647 S.W.2d 601, 607[6] (Mo.App.1983).

■ Here, the victim was subpoenaed, but failed to appear at a scheduled deposition. On September 13, 1988, defendant filed a motion to exclude the witness from

testifying at trial for failing to appear at the deposition. In denying the motion to exclude, the judge ordered that the victim be made available to the defense the weekend prior to trial. The record fails to indicate that the victim was not made available in contravention of the judge's order. Defense counsel did not advise the trial court prior to trial or during trial that the victim was not available. In fact, the record indicates that defense counsel did speak with the victim regarding her testimony. This is evidenced by the following exchange on cross-examination of the victim by defense counsel:

Q. Now, when you came out of the Fudgery, you weren't carrying the bag openly in your hand, were you?

A. Well, I had—I had three things in my hand. I had envelope, one to the home office, going to the home office. Then I had the depository bag. Then I had a plate on top.

Q. But when we spoke earlier this morning, you told me then that you had the bag concealed underneath your coat, is that right?

A. No, I told you it was in my arm. It was right here. I had the envelope first, then the depository bag, then the plate.

Q. So you didn't tell me this morning that you—

A. I did not tell you it was in my coat, no.

Q. Did you tell me that you had had the bag hidden from view?

A. Yes, it was, it was hidden from view because I had it more pulled this way than out this way.

Nothing in the record indicates that the defendant did not have a decent opportunity to meet the victim's testimony. Therefore, no manifest injustice or miscarriage of justice resulted.

■ In his second point, defendant contends that the trial court committed plain error by overruling defendant's objections to statements made by the prosecutor during closing argument. Defendant alleges that these statements amount to a personalization of the jury. However, this issue was not contained in defendant's motion for new trial, and therefore is not preserved for appellate review. Rule 29.11(d); *State v. Henderson*, 667 S.W.2d 33, 36[3, 4] (Mo.App.1984). In our discretion, we shall review for plain error, reversing only if we find the existence of manifest injustice or a miscarriage of justice. Rule 29.12(b); *State v. Tate*, 733 S.W.2d 45, 46[1, 2] (M ⋅ App.1987).

"It is well settled that the prosecutor may not personalize his argument to the jury." *State v. Harris*, 714 S.W.2d 561, 563[1] (Mo.App.1987) (citation omitted). However, statements made in closing argument seldom affect substantial rights or result in manifest injustice or the miscarriage of justice so as to result in plain error requiring reversal of a conviction. *State v. Higgins*, 619 S.W.2d 94, 95[4, 5] (Mo.App. 1981).

■ In the instant case, appellant alleges that the prosecutor personalized the jury with the following statements:

Think about that. Use your common sense. What it must feel like to go through an experience like that.... We are not going to let something like this happen and we are not going to let this person wander around our streets doing this.

At trial, the prosecutor produced two witnesses who positively identified the defendant as the robber and one witness who provided testimony with respect to defendant's motive. The victim testified that she had a clear view of the defendant's face during the commission of the crime, and that she had identified the defendant subsequent to the crime from police photographs. Additionally, one of the valets who had chased and cornered the robber after the commission of the crime testified that he had a good look at the robber's face and subsequently identified the defendant from police photographs. Furthermore, the manager of the restaurant where the defendant was employed testified that on the night of the robbery defendant had threatened him with a knife as well. The defendant told the manager that he was in trouble and needed money for a bus ticket to leave town.

In light of this evidence, we cannot say that the prosecutor's singular statement to the jury rose to the level of a personalization which resulted in manifest injustice or miscarriage of justice requiring a reversal of the conviction.

Judgment affirmed.

DOWD, P.J. and JOSEPH J. SIMEONE, Senior Judge, concur.