STATE of Missouri, Respondent,

v.

Lance TAYLOR, Appellant.

Lance TAYLOR, Appellant,

v.

STATE of Missouri, Respondent.

Nos. 58775, 60159.

Missouri Court of Appeals, Eastern District, Division Three.

May 12, 1992.

Jeannie Arterburn, St. Louis, for appellant.

William L. Webster, Atty. Gen., Breck K. Burgess, Asst. Atty. Gen., Jefferson City, for respondent.

STEPHAN, Judge.

Lance Taylor appeals from the judgment of the trial court sentencing him as a prior offender to ten years' imprisonment after a jury found him guilty of sale of cocaine in violation of section 195.211, RSMo Cum. Supp.1991. Lance Taylor also appeals the judgment of the trial court denying his Rule 29.15 motion for post-conviction relief without an evidentiary hearing. The two appeals have been consolidated pursuant to Rule 29.15(*l*). We affirm both judgments.

The facts are not complicated and appellant does not challenge the sufficiency of the evidence. Viewed in a light most favorable to the verdict, the evidence established the following scenario.

At about 5:00 p.m. on September 12, 1989, an undercover detective equipped with a concealed microphone, known as a Kel transmitter, approached appellant on foot at the corner of Geraldine and Harney Streets in the City of St. Louis. The police had targeted this area because of its drug activity. Appellant asked the detective if he "was looking to score." When Detective Sibert said yes, appellant directed him to the rear of a residence at 5402 Geraldine. Appellant went in the house and returned outside. They met in the gangway where he gave Detective Sibert a rock-shaped piece of cocaine and the detective gave him a twenty dollar bill. Appellant then walked off toward the front yard of the house. As Detective Sibert left from the rear, using his transmitter he advised officers maintaining surveillance from a nearby van about the drug deal. Based on the detective's description appellant was arrested, given *Miranda* warnings, and searched. From appellant's right front pants' pocket, the arresting officers recovered the twenty dollar bill used by Detective Sibert to purchase the cocaine. The serial numbers on the bill matched those on money which had been photocopied by the police prior to being used in the drug operation. After the arrest, Detective Sibert

positively identified appellant at police headquarters, as well as at trial.

At trial appellant related a different version of his arrest. He testified that on the date of the drug sale he was in his yard at 5401 Geraldine installing a sprinkler system. He saw a person drive down the street, stop the car, get out, and point a gun at four or five people standing outside the residence located at 5402 Geraldine, across the street from defendant's residence. A police officer approached him from the rear of his house and then led him over to 5402 Geraldine. Another officer on a walkie-talkie stated that appellant "fit the description" and then arrested him. Appellant denied any familiarity with or knowledge of the identity of the four or five men being held and also denied having sold cocaine to the undercover detective.

On his direct appeal, appellant raises four points. He pinpoints error in the State's closing argument, the admission of certain evidence, and an instruction. At the outset, we note that none of appellant's allegations of error were properly preserved for appellate review. Counsel either did not object at trial or did not raise the same claim of error in the motion for new trial. Thus, we review each point on appeal only for plain error. Rule 30.20.

■■■ A defendant bears the burden of proving that an alleged error is of such magnitude that it constitutes plain error. *State v. Hunn*, 821 S.W.2d 866, 869 (Mo. App.1991). The assertion of plain error places a much greater burden on a defendant than when he asserts prejudicial error. *Id.* A defendant must not only show that prejudicial error resulted, he must further show that the error so substantially affects his rights that manifest injustice or a miscarriage of justice will inexorably result if left uncorrected. *Id.* at 869–70. Against this legal backdrop, we review appellant's four points.

■■■ His first point highlights the State's comments during closing argument that an adverse inference could be drawn from appellant's failure to produce one of those four or five individuals who were, according to his version of his arrest, allegedly present the evening of the drug sale. During closing argument defense counsel had argued that appellant did not have to testify but had decided to testify so "his side of the story" could be heard. After contrasting appellant's version with the State's story, defense counsel queried, "Whose story is more believable?" The State began its rebuttal by attacking appellant's account as a "preposterous story", and further stated its incredulity as follows:

> [H]e [defendant] wants you to believe ... four guys are laying on the ground on one side of the street, he's on the other side of the street, he's told to go over there, he doesn't know who these four individuals are. Where are they, ladies and gentlemen? Do you think it really happened? Huh-uh, it didn't happen or those four—won [sic] of those four or five individuals would have been in this courtroom to tell you about it.

Defense counsel immediately interposed an objection on the ground that such argument improperly shifted the burden of proof. The trial court overruled the objection and the State's attorney added the comment that the jury could "infer from that if there was any other evidence to be brought in they [the defense] would have brought it in." Defense counsel reiterated the same objection which the trial court again overruled.

Appellant now argues no adverse inference arises from appellant's failure to call these witnesses because they were not available to him since appellant had testified that he did not know these men, they were not friends of his and he did not know how to locate them. He furthermore contends that no evidence existed that the testimony of these witnesses would have been damaging to appellant.

■■■ During closing argument a prosecutor is permitted to comment on the credibility of defense witnesses, *State v. Jenkins*, 766 S.W.2d 713, 715 (Mo.App.1989), including that of defendant himself. *State v. Harris*, 622 S.W.2d 330, 336 (Mo.App. 1981). Moreover after a defendant has testified, it is not improper for the prosecutor

in closing argument to comment regarding the lack of evidence supporting defendant's position. *Jenkins,* 766 S.W.2d at 715. We also note the State's comments were made in response to defense counsel's comment during his closing argument questioning "[w]hose story is more believable?" *Id.; see State v. Bryant,* 741 S.W.2d 797, 799 (Mo.App.1987) (prosecutor is allowed to exceed recognized limits of closing argument in retaliation for defense counsel's argument.) The thrust of the State's rebuttal was its implication, in direct contrast to defense counsel's suggestion the detective had lied, that defendant's story was a complete fabrication, an inference fairly drawn from the State's evidence.

■■■ Finally, even were we to accept appellant's position that the State improperly argued that an adverse inference could be drawn from the absence of any testimony from one of these four or five witnesses, we find no error. The trial court has wide discretion in controlling argument and its rulings will be reversed only for abuse of discretion where the argument is plainly unwarranted and clearly injurious. *Harris,* 622 S.W.2d at 337; *see also State v. Baker,* 741 S.W.2d 63, 66 (Mo.App.1987). An error which in a close case might call for reversal may be disregarded as harmless when the evidence of guilt is strong. *Baker,* 741 S.W.2d at 66. The comment here, when viewed in context, was not so prejudicial that appellant was deprived of a fair trial. *Accord, Baker,* 741 S.W.2d at 67. Point denied.

■■■ Appellant's second point, like his first, centers upon the State's closing argument. Appellant focuses on the following comments by the State:

Your decision here will reflect on the community as to what's going to go on with the sale of drugs in the City of St. Louis.

This is not Frontenac, this is not Ladue, this is not Kirkwood, this is St. Louis City. This is the area with the reputation of the drug sales and it's going to take jurors like yourself to decide we've had enough, you're not selling drugs in our area and the detective ... told you

this was a residential area. *Whose neighborhood is next?* (Emphasis ours.)

During its rebuttal, the State concluded its argument with the following:

... It is a crime to ruin the neighborhoods of this city. It is a crime in broad daylight to conduct drug sales. It is a crime and it is horrendous to do so in front of children.

You heard them on the tape. There is kids in this area. *Who is he going to sell to next?* Thank goodness it was the police officer this time or *it could have been any one of your children.* That's who he's out to get, ladies and gentlemen, don't be confused. The police stopped this man and you can stop him now too.... Are you going to believe the police officer? Are you going to believe him? Are you going to let drugs ruin your city? Are you going to stop it and say officer, I support what you're doing? ... (Emphasis ours.)

Appellant argues these statements constituted arguments based upon facts not in evidence, speculated about appellant's future criminal actions and drug sales, implanted fear in the jurors for the safety of their children and neighborhoods and improperly personalized to the jury. Appellant states the argument deprived him of a fair trial and resulted in manifest injustice.

Again, we review this point only for plain error since appellant's counsel made no objection at trial to the closing argument and did not raise this issue in the motion for new trial.

■■■ Of these allegedly objectionable portions of the State's closing argument, only the remarks "[w]hose neighborhood is next?" and, "[w]ho is he going to sell to next," and "it could have been any one of your children" are questionable. It is true that a prosecutor's speculation about a defendant's propensity to commit crimes in the future is error. *State v. Heinrich,* 492 S.W.2d 109, 114 (Mo.App.1973). This rule is one of several designed to preclude argument that "goes beyond bounds so as to excite and inflame passion or prejudice." *State v. Long,* 768 S.W.2d 664, 666 (Mo.

App.1989). However, statements made in closing argument seldom amount to plain error necessitating reversal. *State v. Jones*, 788 S.W.2d 749, 752 (Mo.App.1990). Reversal will be required only where the prohibited remark had a decisive effect on the verdict. *Long*, 768 S.W.2d at 666. It is doubtful that these two rhetorical questions and the reference to children, when viewed in context of the entire argument, would have induced the kind of passion and prejudice the rule seeks to prevent. We do not discern any prejudice, and appellant has not demonstrated any prejudice, nor can we say that the outcome of the verdict would have been different. Moreover, the evidence against appellant, despite his contrary perception, was overwhelming. Absent a showing of "manifest injustice", we decline to invoke the plain error rule. Point denied.

■ Appellant's third point protests the playing and admission into evidence of the tape of the drug transaction recorded by Detective Sibert. He observes that substantial portions of the tape were inaudible or unintelligible and that only about ten words of the entire drug deal are understandable. He emphasizes that the tape recording does not establish the content of the conversation between the detective and appellant because of the unintelligible portions. Appellant concludes the admission of the tape impermissibly bolstered the detective's testimony thereby prejudicing appellant.

Again, we review only for plain error because the record reflects that when the State asked the trial court for permission to play the tape for the jury, the trial court asked defense counsel if there were any objections and counsel responded that there was no objection. The tape's contents included some introductory mumbling, then, "What's up, man? ... [something mumbled] twenty ... [loud background noise] ... Alright, it's a deal. Alright, thanks, man ..... Deal went down. Deal went down. Blue and yellow striped shirt and brown shorts. He's coming from the rear of the house now. Deal went down ..."

[unintelligible] "... There he is right there, John ..."

■ It is well settled that a partially inaudible tape recording is admissible if the inaudible portions do not render the entire tape untrustworthy; this question is left to the discretion of the trial judge. *State v. Luton*, 795 S.W.2d 468, 478 (Mo.App.1990). The trial court's decision in such matters will not be disturbed absent a clear abuse of discretion. *Id.*

Our review of the tape indicates, as both parties are aware, that many portions of the tape are unintelligible because of background noise of loud music, static interference and other sounds. Nevertheless, portions of the short tape recording were understandable. Furthermore, although the tape was played for the jury, the record does not reflect that the tape was formally admitted into evidence. We find the trial court did not clearly abuse its discretion by permitting the tape to be played.

■ Appellant's fourth point alleges the trial court erred in submitting the reasonable doubt instruction, MAI–CR3d 302.-04. Citing *Cage v. Louisiana*, —— U.S. ——, 111 S.Ct. 328, 112 L.Ed.2d 339 (1990), appellant submits the use of the phrase "firmly convinced" of defendant's guilt in defining "reasonable doubt" unconstitutionally lowered the State's burden of proof. This position has been raised in numerous cases and rejected most recently by our Missouri Supreme Court in *State v. Blankenship*, 830 S.W.2d 1, 12–13 (Mo. banc. 1992). We find no error, plain or otherwise.

Appellant's final two points are directed to the trial court's disposition of his Rule 29.15 motion. Appellant claims the court clearly erred in denying his motion without an evidentiary hearing because he received ineffective assistance of counsel. Appellant focuses on his trial counsel's failure to object to the State's closing argument or to the playing and admission into evidence of the tape recording, and trial counsel's failure to request the venire panel be quashed.

Our review of a Rule 29.15 motion is limited to the determination whether the findings and conclusions of the motion court are clearly erroneous. Rule 29.15(j). Under Rule 29.15(g), no evidentiary hearing is required if the files and record of the case conclusively show that the movant [appellant] is entitled to no relief. "Further, an evidentiary hearing is warranted only if: (1) the Rule 29.15 motion alleges *facts*, not conclusions, warranting relief; (2) the facts alleged raise matters unrefuted by the files and record of the case; and (3) the matters complained of resulted in prejudice to appellant's defense." *State v. Fitzgerald*, 781 S.W.2d 174, 188 (Mo.App. 1989).

On appellant's claim that his counsel was ineffective in not objecting to the admission of the tape recording made by the undercover detective with the Kel transmitter and in not objecting to the State's comments in its closing arguments, the motion court ruled that "wide latitude is accorded counsel in closing argument and the trial judge is in the best position to determine if prejudice resulted thereby." The motion court also ruled that prosecutorial misconduct in closing argument is a ground for direct appeal and that counsel's failure to preserve such point in a new trial motion is not cognizable under Rule 29.15. The motion court further found no merit to appellant's complaint that the tape should have been excluded because appellant merely said the tapes were untrustworthy, not untrue.

■ Standing alone, the failure to object to objectionable evidence or argument does not establish ineffective assistance of counsel. *Stuckey v. State*, 756 S.W.2d 587, 591 (Mo.App.1988). The failure to object constitutes ineffective assistance of counsel only where the comment was of such a character that it resulted in a substantial deprivation of the accused's right to a fair trial. *Id.* Counsel is not ineffective for failing to make a meritless objection to preserve a meritless claim. *State v. Six*, 805 S.W.2d 159, 171 (Mo. banc), *cert. denied* — U.S. ——, 112 S.Ct. 206, 116 L.Ed.2d 165 (1991). In our discussion of appellant's second point in his direct

appeal, we determined that no prejudice resulted from the closing argument of the State. The same holds true for his complaints about counsel's failure to object to the tape's admission. Furthermore, the allegations made in appellant's amended Rule 29.15 motion concerning counsel's closing argument and the tape recording are purely conclusory and entitle appellant to no relief. His claim for ineffective assistance of counsel based on this ground lacks any merit.

■ Appellant's final point also claims error in the denial of an evidentiary hearing based upon certain allegations in his Rule 29.15 motion. Appellant alleged in his amended Rule 29.15 motion that trial counsel was ineffective in failing to make a motion to stay the proceedings and to quash the indictment and the venire panel on the grounds that the grand jury and petit jury were not selected from a fair cross-section of the populace nor randomly selected as statutorily required under Chapter 494 of the Revised Statutes of Missouri where his petit jury had been called on Wednesday. To support his position, movant attached as an exhibit a copy of an order entered in October 1990 in a case styled *State v. Bromwell, et al.*, No. 881–01619, a St. Louis City circuit court case. The trial court's order in *Bromwell* had been in response to a defense attorney's motion to stay proceedings because the petit jury panels were not randomly selected. The circuit court judge in *Bromwell* had granted the stay pending correction of the petit jury selection process. Despite the attachment as an exhibit of the trial court order entered in *Bromwell*, the motion court here ruled Lance Taylor's allegation in his amended Rule 29.15 motion to be purely conclusory and held that such error, if any, was trial error and not cognizable under Rule 29.15.

We agree with the motion court's characterization of the allegation as "conclusory." Furthermore, our examination of the almost one hundred pages of transcript devoted to the trial court's introductory instructions as well as the voir dire examination conducted by both the prosecutor and

the defense counsel thoroughly persuades us that appellant was accorded a fully qualified jury panel.

The judgments of the trial and motion court are, in all respects, affirmed.

PUDLOWSKI, P.J., and CRIST, J., concur.