

# In the Missouri Court of Appeals
# Eastern District

## DIVISION TWO

| | | |
|---|---|---|
| COREY BURGESS, | ) | No. ED109847 |
| | ) | |
| Appellant, | ) | Appeal from the Circuit Court |
| | ) | of the City of St. Louis |
| v. | ) | Cause No. 2022-CC09550 |
| | ) | |
| STATE OF MISSOURI, | ) | Honorable David L. Dowd |
| | ) | |
| Respondent. | ) | Filed: April 19, 2022 |

## Introduction

Corey Burgess (Movant) appeals the denial of his motion for post-conviction relief under Rule 29.15 without an evidentiary hearing. A jury convicted Movant of two counts of third-degree domestic assault, and he alleged in his motion that both his trial counsel and appellate counsel were ineffective based on his assertion that the State failed to prove he was in a continuing social relationship of a romantic or intimate nature, an essential element of third-degree domestic assault. We affirm.

## Background

Movant's underlying convictions arose out of an incident beginning late in the evening of August 26, 2016, into early the next morning, at the apartment of L.W. (Victim). Victim testified that Movant attacked her on her bed, pinned her down, choked her with

his forearm, and hit her. Victim testified Movant left the room at some point, then returned and began to attack her again. Victim testified she tried to leave, but Movant stopped her and took her phone. Victim bit Movant to try to get him off of her, but he bit her back. Victim testified Movant then told her to give him oral sex and forced her to have sexual intercourse. She did not fight back because she did not want him to hurt her. Victim testified Movant eventually fell asleep. She was afraid to get out of bed, and urinated on herself. Movant left sometime in the morning, and after that Victim cleaned up and went to work. She told her boss what happened, and later that day, she called the police.

The State charged Movant with kidnapping (Count I), second-degree rape (Count II), second-degree sodomy (Count III), second-degree domestic assault for choking (Count IV), and third-degree domestic assault for biting (Count V). The jury acquitted Movant in Counts I, II, and III, convicted Movant of the lesser included offense of third-degree domestic assault in Count IV, and found Movant guilty in Count V. The trial court sentenced Movant as a prior and persistent offender to concurrent terms of four years' imprisonment on each count, to be served consecutively to a 10-year sentence Movant was serving in another case. This Court affirmed Movant's convictions and sentences on appeal. State v. Burgess, 596 S.W.3d 685 (Mo. App. E.D. 2020) (per curiam).

Movant timely filed a *pro se* motion under Rule 29.15, and later an amended motion through counsel, asserting various claims of ineffective assistance of both trial and appellant counsels. As relevant here, Movant argued his appellate counsel was ineffective for failing to raise on direct appeal that there was insufficient evidence to convict Movant of Counts IV and V because the State failed to prove beyond a reasonable doubt that Movant and Victim were in a continuing social relationship of a romantic or intimate

2

nature. Movant additionally argued that his trial counsel was ineffective for failing to object to the prosecutor's statement during closing argument that the fact that Movant and Victim had had a single prior consensual sexual encounter meant the charged acts here were "automatically under the domestic umbrella." The motion court denied Movant's motion without an evidentiary hearing, finding the record refuted Movant's claims. The court found the record contained sufficient evidence to support Movant's convictions, thus neither Movant's trial counsel nor Movant's appellate counsel were ineffective and Movant was not prejudiced. This appeal follows.

Standard of Review

Our review of the motion court's denial of a motion for post-conviction relief is "limited to the determination of whether the findings of fact and conclusions of law are clearly erroneous." Hickey v. State, 328 S.W.3d 225, 227 (Mo. App. E.D. 2010). Findings and conclusions are clearly erroneous "only if, after a review of the entire record, the reviewing court is left with a definite and firm impression that a mistake has been made." Id. In order to be entitled to a hearing on a motion under Rule 29.15, a movant must allege facts, not conclusions, which are not refuted by the record and if true, entitle the movant to relief. Woolridge v. State, 239 S.W.3d 151, 154 (Mo. App. E.D. 2007).

In order to establish ineffective assistance of counsel, a movant must prove that counsel's performance fell below that of reasonably competent counsel, and that the movant was prejudiced thereby. Rousan v. State, 48 S.W.3d 576, 581 (Mo. banc 2001) (citing Strickland v. Washington, 466 U.S. 668 (1984)). Prejudice requires a showing there is a "reasonable probability that but for counsel's errors, the result of the proceeding would have been different." Id. Additionally, we "presume[] that counsel acted professionally in

3

making decisions and that any challenged action was a part of counsel's sound trial strategy." Barton v. State, 432 S.W.3d 741, 749 (Mo. banc 2014) (quoting Johnson v. State, 333 S.W.3d 459, 463 (Mo. banc 2011)).

## Discussion

Movant raises two points on appeal. First, he argues the motion court clearly erred in denying his motion without an evidentiary hearing because the record establishes the State failed to prove beyond a reasonable doubt that Movant and Victim were in a continuing social relationship of a romantic or intimate nature, and thus Movant was prejudiced by appellate counsel's failure to argue the evidence was insufficient on appeal. In Point II, Movant argues that the motion court clearly erred in denying his motion because his trial counsel was ineffective for failing to object to the prosecutor's closing argument that Movant's and Victim's prior consensual sexual encounter meant the criminal acts here were "automatically under the domestic umbrella," and Movant was prejudiced thereby. We discuss each in turn.

## Point I

Movant argues the motion court clearly erred in denying his Rule 29.15 motion because the record establishes that had appellate counsel disputed the sufficiency of the evidence to convict Movant on appeal, his convictions would have been vacated in that the State failed to prove Movant and Victim had an ongoing social relationship of a romantic or intimate nature. We disagree.

Movant's claim of ineffective assistance of appellate counsel is governed by essentially the same standard as claims of ineffective assistance of trial counsel: Movant must show that appellate counsel breached a duty and prejudice resulted. Holman v. State,

4

88 S.W.3d 105, 110 (Mo. App. E.D. 2002). Where alleged ineffectiveness is based on a failure to raise a particular claim of error on appeal, the movant must show that the claim "would have required reversal had it been brought[,] and [the error] was so obvious from the record that a reasonably competent attorney would have recognized and asserted it." Id.

Here, Movant claims the record showed the State failed to meet its evidentiary burden to prove there was sufficient evidence of a relationship between Movant and Victim that would satisfy an essential element of the offense of domestic assault in the third degree. Specifically, Movant argues the State failed to prove beyond a reasonable doubt that Movant and Victim had a continuing social relationship of a romantic or intimate nature. Section 565.074, RSMo. Supp. 2016, which was in effect at the time of the incidents here, provided that domestic assault in the third degree "involves a family or household member . . . as defined in section 455.010[.]" Section 455.010(7), RSMo. Supp. 2016, defined "family" or "household member" as the following:

> spouses, former spouses, any person related by blood or marriage, persons who are presently residing together or have resided together in the past, any person who is or has been in a continuing social relationship of a romantic or intimate nature with the victim, and anyone who has a child in common regardless of whether they have been married or have resided together at any time[.]

The jury was instructed it could find Movant and Victim were family or household members on the basis of a continuing social relationship of a romantic or intimate nature, and there was no evidence in the record to support the relationship element on any other basis listed in Section 455.010.

5

Movant argues the evidence was insufficient here by pointing to Victim's testimony that Movant and Victim were "just friends," that they were not in a relationship, and were not going out on dates. Movant also notes the prosecutor's statements during opening and closing arguments that Movant and Victim "were casual friends." Movant argues the fact that Movant and Victim had had one prior consensual sexual encounter was not enough to establish a continuing relationship.

As discussed by the Western District Court of Appeals in State v. Daniel, 103 S.W.3d 822 (Mo. App. W.D. 2003), the applicable statutes here do not contain a definition of the word "continuing" in this context. The Daniel court therefore consulted dictionary definitions for "continuing," which included "continuous," "constant," "needing no renewal," "lasting," and "enduring." Id. at 826 (citing WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY OF THE ENGLISH LANGUAGE 493 (3d ed. 1993)). The court further noted that when interpreting statutes, we are to keep in mind common sense and "the statute's history, surrounding circumstances, and . . . the problem in society to which the legislature addressed itself." Id. at 826.

In Daniel, the defendant had argued that the evidence was insufficient to establish a continuing relationship because his relationship with the victim had been characterized by frequent break-ups. Id. at 826. The court concluded, however, that the definition of "continuing," which includes "lasting" or "enduring," "encompasses a relationship that endures despite arguments and break-ups." Id. at 827. The Daniel court noted that in light of "the General Assembly's manifest purpose in protecting people from domestic violence," the definition should encompass not only people in stable relationships, but also "those in volatile relationships characterized by cyclical arguments, break-ups, and

6

reunions." Id. The court found sufficient evidence of a continuing relationship under the circumstances in that case. Id.

The circumstances here differ in that there is no actual dispute that Movant and Victim had a continuing social relationship. There was evidence that Movant and Victim frequently communicated by phone and spent time together at Victim's apartment, with Movant often spending the night. Movant's argument essentially disputes that the relationship was romantic in nature, arguing that one consensual sexual encounter is not sufficient, especially in light of Victim's testimony that she and Movant were "just friends." However, Section 455.010 provides two types of continuing social relationships that qualify: romantic *or* intimate. This suggests that the General Assembly intended to include all continuing relationships of an intimate nature, whether or not the participants labeled the relationship as romantic. The vulnerability attendant to such intimate relationships is what the General Assembly sought to protect with Missouri's domestic violence statutes, and including such relationships is consistent with common sense and the purpose of these statutes.

Under the circumstances here, the record supports a finding by the jury that Movant and Victim had a continuing social relationship of an intimate nature, and thus that there is no reasonable probability that a claim of insufficiency of the evidence would have changed the outcome of Movant's appeal. On direct appeal, the reviewing court would have viewed the evidence in the light most favorable to the verdict. Jones v. State, 519 S.W.3d 879, 883 (Mo. App. E.D. 2017). Here, the evidence showed that Movant and Victim met sometime in the summer of 2016, and their relationship consisted of communicating on the phone and Movant spending the night at Victim's home. Victim testified there had been one

7

consensual sexual encounter between her and Movant. She also testified that on one occasion, Movant had rearranged the furniture in her bedroom because he did not want to lay in any position another man had laid. On the night of the incidents here, Movant requested to come over to Victim's home late in the evening, and Victim agreed. The text messages could imply an intended sexual encounter, but even if that was not Movant's and Victim's intent, the text messages show the ongoing nature of their social relationship. As a whole, the record supports a finding that Victim and Movant had a continuing social relationship that was intimate in nature. We do not see a basis in the statute for excluding such a relationship under the circumstances here because the parties had only been intimate one time prior to August 26, 2016, when it is undisputed that their social relationship had been ongoing.

Thus, a claim that the evidence was insufficient to convict Movant in this respect would not have been meritorious on direct appeal. Movant's appellate counsel was not ineffective for failing to raise such a claim. See Holman, 88 S.W.3d at 110. Accordingly, the motion court did not clearly err in denying Movant's motion without an evidentiary hearing on this basis. Point denied.

### Point II

Movant argues the motion court clearly erred in denying his Rule 29.15 motion without an evidentiary hearing because the record does not refute his claim that his trial counsel was ineffective for failing to object to the prosecutor's closing argument regarding the evidentiary burden to establish the relationship element of third-degree domestic assault, and Movant was prejudiced thereby. We disagree.

8

During closing argument, the prosecutor walked through the jury instructions for Counts IV and V. Regarding the relationship element that the jury would have to find, namely "that [Victim] and [Movant] were persons who were in a continuing social relationship of a romantic or intimate nature," the prosecutor stated the following:

> Ok, so because they have a prior consensual sexual encounter, which is not disputed at all, they are automatically under the domestic umbrella. . . . If there is a consensual sexual relationship, no matter how brief, it falls under the domestic umbrella.

Movant's trial counsel did not object to this argument.

The State has wide latitude during closing argument, and the decision of whether or not to object is a matter of trial strategy. Harding v. State, 613 S.W.3d 522, 532-33 (Mo. App. E.D. 2020). "The failure to object alone, even to objectional arguments, does not establish ineffective assistance." Id. (citing State v. Taylor, 831 S.W.2d 266, 272 (Mo. App. E.D. 1992)). "In many instances seasoned trial counsel do not object to otherwise improper questions or arguments for strategic purposes. It is feared that frequent objections irritate the jury and highlight the statements complained of, resulting in more harm than good." Deck v. State, 381 S.W.3d 339, 356 (Mo. banc 2012) (quoting State v. Tokar, 918 S.W.2d 753, 768 (Mo. banc 1996)). We will find prejudice only if an improper closing argument had a decisive effect on the verdict. Harding, 613 S.W.3d at 533 (citing State v. Walter, 479 S.W.3d 118, 124 (Mo. banc 2016)).

First, Movant has not overcome the presumption that his trial counsel's failure to object was reasonable trial strategy. Rather than downplaying the relationship between Movant and Victim, trial counsel argued that the parties were anticipating a sexual encounter on the evening of August 26, 2016, that a consensual sexual encounter took

9

place, and that the resulting injuries to Victim and bite marks on Movant were evidence of rough sex, rather than assault. Such a strategy would have been reasonable on the part of trial counsel.

Regardless, even if trial counsel's failure to object was due to oversight rather than strategy, we do not find Movant was prejudiced by the prosecutor's statements in question. We have already noted that the record contained sufficient evidence from which the jury could find the relationship element satisfied beyond a reasonable doubt.

Further, the prosecutor's statements above are unclear and inartful, at best. To the extent these remarks could be interpreted to mean that a one-time sexual encounter between two people who have no ongoing social relationship would bring such relationship "under the domestic umbrella," that is a misstatement of the law. However, to the extent the prosecutor's statement noted that one sexual encounter in the context of an ongoing social relationship—as existed here—was sufficient to meet the relationship element, this statement is an accurate declaration of the law. It is unclear whether the prosecutor's statement, "no matter how brief," referred to the frequency of sexual encounters or to the social relationship as a whole.

However, even assuming a misstatement of law on the part of the prosecutor, the trial court properly instructed the jury regarding the elements they needed to find beyond a reasonable doubt in order to convict Movant, and the prosecutor read those elements to the jury as well. Under the circumstances, "[a]ny deficiencies in the State's argument were corrected by the trial court's instructions to the jury." Johnson v. State, 406 S.W.3d 892, 905 (Mo. banc 2013) (quoting State v. Clemons, 946 S.W.2d 206, 230 (Mo. banc 1997)) (internal alteration omitted). Thus, we cannot say the prosecutor's comments had a

10

decisive effect on the verdict, where the jury was properly instructed and the evidence is sufficient to support the verdict.  Point denied.

Conclusion

The record refutes Movant's claims that his trial counsel and his appellate counsel rendered ineffective assistance, and Movant has not shown he was prejudiced by his counsels' actions complained of here.  Accordingly, the motion court did not clearly err in denying Movant's motion without an evidentiary hearing.  We affirm.

_____
Gary M. Gaertner, Jr., J.

Robert M. Clayton III, P.J., and
Thomas C. Clark II, J., concur.