STATE of Missouri, Plaintiff/Respondent,

v.

Ronald TROUPE, Defendant/Appellant.

No. 60641.

Missouri Court of Appeals, Eastern District, Division Four.

Sept. 28, 1993.

Motion for Rehearing and/or Transfer to Supreme Court Denied Oct. 27, 1993.

**634**

Scott E. Walter, St. Louis, for defendant, appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Hugh L. Marshall, Asst. Atty. Gen., Jefferson City, for plaintiff, respondent.

CARL R. GAERTNER, Judge.

Defendant was found guilty at a jury trial of kidnapping, sodomy, and two counts of assault. As a prior and persistent offender, he was sentenced by the court to concurrent sentences of thirty years, thirty years, one year, and one year. Defendant appeals. We affirm.

Defendant's first point on appeal asserts trial court error in failing to quash the jury panel because the State used a peremptory strike against a black venireman without explanation. The State agreed that the case should be remanded on this point for a *Baston* hearing.[1] Accordingly, we remanded

---

1. *Batson v. Kentucky*, 476 U.S. 79, 106 S.Ct.  1712, 90 L.Ed.2d 69 (1986).

the case to the trial court where a hearing was held and defendant's motion to quash was denied. A transcript of the evidence adduced and supplemental briefs were filed, and the appeal was again taken under submission on August 31, 1993.

Defendant and the victim of the kidnapping and sodomy charges, a twelve-year old boy, became acquainted when the victim brought his bicycle to defendant for repairs. Over a period of several weeks, defendant called the victim to report he was working on the bike. On one occasion defendant told the victim he had raped a boy just like him.

On August 11, 1991, defendant was showing a Chevrolet Blazer to victim and his friend Rudy. When victim refused to get in the Blazer, defendant grabbed him and threatened to shoot him. Defendant pulled victim into the Blazer and drove off. Rudy ran and reported what he had seen to another friend who called the police. William Tidwell testified that he was cutting his grass in the neighborhood when he observed a boy calling out from a Blazer, "somebody please help me, don't let them hurt me."

The victim testified that after driving around in the Blazer, defendant put him in the back seat, made him take down his pants and, after using spittle as a lubricant, inserted his penis into victim's anus. Defendant made victim drink some "orange stuff" and some beer. He gave victim a brown, wet cigarette and told him to smoke it.

Eventually, the Blazer was seen by police who gave chase. The Blazer crashed into a lamp post causing victim to sustain injuries. Police officers apprehended defendant as he ran from the scene. He assaulted the officers when apprehended and in the ambulance which conveyed him to the hospital.

At the hospital, a sexual assault kit was used to obtain an anal smear from victim. Analysis of the smear disclosed the presence of seminal fluid.

Over defendant's objections, the trial court admitted into evidence court records of defendant's plea of guilty to a charge of sodomizing a twelve-year old boy five years before.

On appeal, defendant raises seven points of alleged trial court error. He contends the striking of one black prospective juror was a violation of defendant's and the juror's due process and equal protection rights. He claims the trial court erred in denying his motion to quash the indictment because the selection of grand and petit jurors in the City of St. Louis did not result in a representative cross-section of the populace. He preserves the universal challenge to MAI–CR3d 302.04, the burden of proof instruction. He argues the State was permitted to improperly define "reasonable doubt" during voir dire. He claims prejudicial error resulted from the admission of evidence regarding his prior sodomy conviction, from the evidence he forced victim to ingest PCP and from the State's closing argument.

## I.

At the belated *Batson* hearing, the prosecutor offered race-neutral explanations for striking one black venireman and one black alternate. The trial court accepted these explanations. After examining the record we find no abuse of trial court discretion. Moreover, the defendant's motion to quash the entire jury panel is an improper objection for a *Batson* violation and fails to preserve the point for appellate review. *State v. Grim*, 854 S.W.2d 403 (Mo. banc 1993); *State v. Sutherland*, 859 S.W.2d 801 (Mo.App.E.D. 1993). Point denied.

## II.

Defendant's contentions regarding the grand and petit jury selection process in the City of St. Louis have been repeatedly rejected. *State v. Allen*, 845 S.W.2d 671, 673 (Mo.App.1993); *State v. Wheeler*, 845 S.W.2d 678, 681–82 (Mo.App.1993); *State v. Landers*, 841 S.W.2d 791, 793 (Mo.App.1992).

## III.

This is also true regarding defendant's challenge to MAI–CR3d 302.04. *State v. Griffin*, 848 S.W.2d 464, 468–69 (Mo. banc 1993).

## IV.

Defendant's fourth point charges trial court error in overruling his objection to the

prosecutor's attempt to limit and define "reasonable doubt" during voir dire.

We note that of the objections made by defendant to the prosecutor's voir dire questioning of jurors regarding their understanding of "burden of proof" and "reasonable doubt" several were sustained thus eliminating defendant's grounds for complaint. *State v. Harris*, 731 S.W.2d 846, 852 (Mo.App.1987). The overruled objections were directed to remarks of the prosecutor which did not differ from the content of MAI–CR3d 300.02 and 302.04 regarding the State's burden. Remarks which do not transgress the confines of the court's instructions are not objectionable. *State v. Cole*, 844 S.W.2d 493, 499 (Mo.App.1992). Point denied.

### V.

The fifth point asserted merits a more thorough analysis. Over defendant's objections, the court permitted the State to introduce evidence of defendant's plea of guilty to sodomy of a twelve-year old boy five years before this trial and defendant's statements to the victim that he had once raped a boy who looked like victim. In its ruling, the trial court relied upon the decision of this court in *State v. Lachterman*, 812 S.W.2d 759 (Mo.App.1991). In *Lachterman*, we stated "repeated acts of sexual abuse of children demonstrates, per se, a propensity for sexual aberration and a depraved sexual instinct and should be recognized as an additional, distinct exception to the rule against the admission of evidence of uncharged crimes." *Id.* at 768.

Subsequent to the trial of this case, in *State v. Bernard*, 849 S.W.2d 10 (Mo.banc 1993) the Supreme Court expressly overruled *Lachterman*. *Id.* at 16. *Bernard* holds that it is erroneous to introduce evidence of a defendant's sexual abuse of other children unless the conduct is so unusual as to point unerringly, like a fingerprint, to the defendant. *Id.* at 17. Nothing about defendant's conduct in the prior conviction or in this case stands out as beyond the usual and ordinary case of child sodomy. Accordingly, pursuant to *Bernard*, the admission of evidence of defendant's prior conviction was error.

Having reached this conclusion, we must determine whether the effect of the error was sufficiently prejudicial to warrant reversal. The presumption of prejudice from the erroneous admission of evidence may be overcome where the evidence of guilt is so overwhelming as to eliminate any reasonable doubt that the defendant would have been found guilty even without the erroneously admitted evidence. *State v. Miller*, 821 S.W.2d 553, 556 (Mo.App.1991); *State v. Caudill*, 789 S.W.2d 213, 216–17 (Mo.App. 1990). This is such a case. The victim's testimony regarding his abduction was corroborated by his playmates and by a neighbor. His testimony about the sodomy was corroborated by the medical examination disclosing seminal fluid in his anus. There is no question of identification of the defendant. Defendant's actions when pursued and apprehended by police strongly demonstrate consciousness of guilt. The State's evidence was undisputed. Because the defendant was found to be a prior and persistent offender, the jury did not assess punishment. Under these circumstances, we have no doubt the erroneously admitted evidence did not influence the jury.

As a general rule, we are reluctant to declare trial court error harmless in a criminal case lest some prosecutors view such action as an invitation to gamble upon overzealous excesses. However, in this case, although the strength of the State's evidence rendered the evidence of defendant's prior record unnecessary, we perceive no indication of bad faith on the part of the prosecutor. The evidence was offered in reliance upon the most recent decision rendered by a Missouri appellate court on the issue. Each of the *Lachterman* requirements for the admission of evidence of prior sexual abuse of children was discussed with the court before the evidence was offered. It was even pointed out that although defendant's prior child sodomization occurred five years before, the fact that he was released from the penitentiary only a matter of months before again engaging in such aberrant behavior satisfied the *Lachterman* requirement of nearness in time. Under all of the circumstances of this

case, the erroneous admission of evidence of defendant's prior offense does not warrant reversal.

### VI.

Next, defendant complains about the admission of evidence he forced the victim to smoke a "brown, wet cigarette", apparently containing PCP. The State is entitled to paint a complete picture of the crime charged. *State v. Tomlin*, 830 S.W.2d 31, 34 (Mo.App.1992). Evidence regarding the events during the time victim was kidnapped is not rendered inadmissible merely because it might be viewed as evidence of an uncharged crime. Point denied.

### VII.

Finally, defendant charges trial court error in overruling his objection to the prosecutor's statement during closing argument regarding defendant's method of operation. The trial court has wide discretion in controlling argument, and its rulings will not be disturbed absent an abuse of that discretion. *State v. Taylor*, 831 S.W.2d 266, 270 (Mo.App.1992). Moreover, error which in a close case may call for reversal may be disregarded as harmless when the evidence of guilt is strong. *Id.* Point denied.

The judgment of the trial court is affirmed.

CRANE and SIMON, JJ., concur.