No. 95-1771EM

Ronald Troupe,                        *
                                      *
               Appellant,             *
                                      *     Appeal from the United States
        v.                            *     District Court for the Eastern
                                      *     District of Missouri.
Michael T. Groose,                    *
                                      *
               Appellee.              *

Submitted:  November 15, 1995

Filed:  December 11, 1995

Before RICHARD S. ARNOLD, Chief Judge, and BRIGHT and FAGG, Circuit
     Judges.

FAGG, Circuit Judge.


     Ronald Troupe was convicted by a Missouri state jury of kidnapping,
sodomy, and assault of a twelve-year-old boy.  The Missouri Court of
Appeals affirmed Troupe's convictions.  State v. Troupe, 863 S.W.2d 633
(Mo. Ct. App. 1993).  Troupe then brought this federal habeas petition
under 28 U.S.C. § 2254.  The district court denied Troupe's petition, and
we affirm.


     Troupe asserts the State improperly used peremptory challenges to
remove black jurors from the venire panel based on their race, in violation
of Batson v. Kentucky, 476 U.S. 79 (1986).  We disagree.  Under Batson,
after a defendant makes a prima facie case of racial discrimination in the
government's use of peremptory challenges, the burden shifts to the
government to offer a race-neutral reason for the strikes.  Purkett v.
Elem, 115 S. Ct. 1769, 1770 (1995); United States v. Carr, 67 F.3d 171, 175
(8th Cir.

1995).  If the government gives a race-neutral reason, the trial court must decide whether the defendant has proven purposeful racial discrimination by evaluating the reason's persuasiveness.  Purkett, 115 S. Ct. at 1770-71. We reverse a trial court's ultimate finding on the discrimination issue only if the finding is "`not fairly supported by the record.'"  Id. at 1771 (quoting 28 U.S.C. § 2254(d)(8)).

During voir dire, the prosecutor used peremptory challenges to remove a black juror, Harris, and a black alternate juror, Dougherty, over Troupe's objections.  At a belated Batson hearing, the prosecutor referred to the notes she took during voir dire and explained that she struck juror Harris because he had an offensive demeanor, was "disagreeable and amused at the whole process," and was uncommunicative.  After the prosecutor explained her reasons for striking Harris, the trial court found the prosecutor was not motivated by discriminatory intent.

The record supports the trial court's finding.  Because discriminatory intent is not inherent in the prosecutor's reasons for striking Harris, the reasons are race neutral.  Id.  Although a trial court might be less inclined to believe subjective reasons than objective ones, see id., the trial court chose to believe the prosecutor's race-neutral justifications, and we defer to the trial court's assessment of the prosecutor's credibility in this habeas proceeding, Batson, 476 U.S. at 98 n.21; Marshall v. Lonberger, 459 U.S. 422, 434 (1983).

As for the removal of the alternate black juror, Dougherty,  Troupe failed to challenge Dougherty's removal in his direct state court appeal, and thus procedurally defaulted the claim.  Turner v. Delo, No. 95-1231, 1995 WL 653836, at *1-2 (8th Cir. Nov. 8, 1995).  Troupe has not asserted cause or prejudice to excuse the default, or that our failure to review the claim would result in a fundamental miscarriage of justice.  Accordingly, Troupe's

procedural default prevents us from considering his claim that Dougherty's removal violated <u>Batson</u>. <u>Id.</u> at *2.

Last, Troupe contends the Missouri trial court's admission of his earlier deviate sexual intercourse conviction violates his due process rights. In a federal habeas proceeding, we narrowly review alleged due process violations stemming from a state court conviction. <u>Anderson v. Goeke</u>, 44 F.3d 675, 679 (8th Cir. 1995). We grant habeas relief based on a state court evidentiary ruling only if the alleged error was so conspicuously bad that it fatally infected the trial and rendered it fundamentally unfair. <u>Id.</u> To meet this standard, the defendant must show a reasonable probability that the error affected the trial's outcome. <u>Id.</u> Having reviewed the record, we find no constitutional violation. Given the other evidence at trial, <u>see</u> 863 S.W.2d at 636, we cannot say the admission of Troupe's earlier conviction affected the trial's outcome.

We affirm the dismissal of Troupe's habeas petition.

A true copy.

        Attest:


        CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.