_____

No. 95-3706SD
_____

United States of America,          *
                                   *
          Appellee,                *
                                   *  On Appeal from the United
     v.                            *  States District Court
                                   *  for the District of
                                   *  South Dakota.
E.R.B.,                            *
                                   *
          Appellant.               *

_____

Submitted:  May 14, 1996

Filed:  June 12, 1996
_____

Before RICHARD S. ARNOLD, Chief Judge, MAGILL, Circuit Judge, and VAN
     SICKLE,* District Judge.
_____

RICHARD S. ARNOLD, Chief Judge.

        The appellant, whom we shall call E.R.B. because he is a minor, was
convicted of aggravated sexual abuse in violation of 18 U.S.C.
§ 2241(a)(1), 18 U.S.C. § 2246(2)(A), and 18 U.S.C. § 2246(2)(B).  The
District Court[1] sentenced the defendant to be imprisoned during the term
of his minority, which, in this case, amounted to a term of a little less
than two years.  The defendant

_____

        *The Hon. Bruce M. Van Sickle, United States District Judge
for the District of North Dakota, sitting by designation.

        [1]The Hon. Charles B. Kornmann, United States District Judge
for the District of South Dakota.

appeals, arguing that the evidence was insufficient as a matter of law to support the verdict. We affirm.

Appellant was charged with engaging in sexual acts with a fourteen-year-old girl. The fact of intercourse was admitted. The major disputed issue at trial was whether the sexual acts were consensual. The victim testified that she was forcibly raped. On appeal, E.R.B. argues that the victim's testimony was not credible. As appellant's brief says, "[c]redibility is the core issue in this case." Brief for Appellant 10. Appellant argues that the victim's testimony that they had not had a prior sexual relationship was unbelievable, because two witnesses testified that they had seen the victim under the covers with E.R.B. on a previous occasion. The victim testified that she was so upset by the rape that she didn't want to be around males, even her little brother, but, according to appellant, other evidence showed that within three or four days of the alleged incident she was dating another man. Appellant also argues that the District Court did not have a sufficient basis for failing to credit certain defense witnesses. He points, in particular, to the following sentence in the District Court's opinion: "Although they [defense witnesses] testified that they would not lie for defendant, eye contact and smiles indicated a good deal of support for him." United States v. E.R.B., CR No. 95-30050 (D.S.D. Mem. Op. filed September 26, 1995), p. 5.

We are not persuaded by these arguments. In this juvenile case, the District Court sat as the finder of fact, much as a jury does in ordinary criminal prosecutions. It is our duty to uphold the findings of the District Court unless they are clearly erroneous, and we are not convinced that this exacting standard has been met. It is preeminently the job of the finder of fact, judge or jury, to weigh the credibility of witnesses, including their demeanor on the stand and any contradictions between their testimony and other evidence. The District Court obviously believed the victim's testimony. There is nothing wrong with using

the demeanor of witnesses, including their looks and smiles towards either party, to assess their credibility. We have no way of knowing, of course, which way witnesses looked while they were testifying, or whether they smiled. Precisely for this reason, we should be very slow to substitute our inclinations, if we had any, which we do not, for the District Court's reactions to live testimony.

A finding based on the credibility of live witnesses can almost never be clearly erroneous. In this case, for the reasons we have given and for those discussed at greater length in the District Court's helpful opinion, we are convinced that this standard is far from being met. Accordingly, the judgment is

Affirmed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.