No. 95-3921

Harold E. Meadows,                    *
                                      *
          Appellant,                  *    Appeal from the United States
                                      *    District Court for the
     v.                               *    Eastern District of Missouri.
                                      *
Paul K. Delo,                         *
                                      *
          Appellee.                   *

          Submitted:  September 9, 1996

               Filed:  November 1, 1996

Before WOLLMAN, Circuit Judge, HENLEY, Senior Circuit Judge, and
     HANSEN, Circuit Judge.

WOLLMAN, Circuit Judge.

     Harold Meadows appeals the judgment of the district court[1] denying
his 28 U.S.C. § 2254 petition.  We affirm.

**I.**

     In the early morning hours of August 16, 1986, Mark McClure, Bradley
Vollmer, and Patricia Abram went to a drug dealer's house to purchase
cocaine.  When the dealer took their money without giving them any drugs,
the three stole what they believed was his car.  Later that morning, Harold
Meadows met McClure and Vollmer, and the three arranged for a buyer for the
stolen car.

---

[1]The Honorable George F. Gunn, Jr., United States District
Judge for the Eastern District of Missouri, adopting the Report and
Recommendation of the Honorable Terry I. Adelman, United States
Magistrate Judge for the Eastern District of Missouri.

That evening, Meadows, Vollmer, McClure, and Abram all met at James Drees's home. While McClure was asleep in the house, Meadows and Vollmer were overheard discussing "getting rid of Mark McClure" because they feared he was going to report the car theft to the police. Vollmer then asked Drees for a knife, and Drees complied. Meadows and Vollmer told Drees they were going to kill McClure and throw his body in the river.

Drees and Abram left Drees's residence for about an hour. When they returned, Meadows, Vollmer, and McClure were no longer there. Drees discovered a hole in the basement wall, and blood was found in the basement, along with a knife, a bucket of bloody water, and Vollmer's belt. A few days later, McClure's body was found near a canal on the Missouri River.

Both Meadows and Vollmer were charged with first degree murder in connection with McClure's death. Vollmer pleaded guilty and was sentenced to thirty years of incarceration. Meadows pleaded not guilty and was tried. At Meadows's trial, Drees testified that he heard Meadows and Vollmer discussing their plan to murder McClure and that Meadows told him the damage to his basement occurred when Meadows and Vollmer were trying to kill McClure. Drees also stated that Meadows told him that Meadows and Vollmer took McClure's body to a canal on the Missouri River, where they weighted it down and dragged it into the river. Abram likewise testified to hearing a conversation in which Meadows and Vollmer were talking about McClure, although she could not hear the specifics of that conversation. Another witness also testified that Meadows said he had choked McClure. Meadows maintained throughout his trial that he had no part in murdering McClure, but admitted to helping to dispose of McClure's body.

Meadows was convicted and sentenced to life imprisonment without the possibility of parole. His motion for post-conviction relief was denied. Meadows appealed the denial, along with his

conviction and sentence, in a consolidated appeal.  The Missouri Court of Appeals affirmed in all respects.  State v. Meadows, 785 S.W.2d 635 (Mo. Ct. App. 1990).  Meadows then filed this section 2254 petition.[2]

**II.**

Meadows contends that his conviction is not supported by sufficient evidence.

The standard for determining whether sufficient evidence exists to sustain Meadows's conviction is "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979) (emphasis in original). Meadows contends that the only incriminating evidence against him was the testimony of "junkies offered deals with the State."  Whether or not this characterization is accurate, it is without consequence.  It was for the jury to judge the witnesses' credibility.  Cf. United States v. E.R.B., 86 F.3d 129, 130 (8th Cir. 1996) (the court should not "substitute [its own] inclinations" regarding the credibility of witnesses).  We conclude that the evidence, when viewed in the light most favorable to the prosecution, is sufficient to sustain Meadows's conviction.

Meadows's second contention on appeal is that an affidavit by Vollmer constitutes newly discovered evidence that supports his claim of innocence. The test for newly discovered evidence is "whether the evidence could have been discovered earlier in the exercise of due diligence." Cornell v. Nix, 976 F.2d 376, 380 (8th

---

[2]The State has conceded that Meadows's motion to strike the State's addendum to its brief should be granted, and it is so ordered.

-3-

Cir. 1992). Although the affidavit itself was not available until after Meadows's trial, the factual basis for it existed long before this appeal. Cf. Pickens v. Lockhart, 4 F.3d 1446, 1450 (8th Cir. 1993). In addition, we have held that "when a defendant who has chosen not to testify subsequently comes forward to offer testimony exculpating a codefendant, the evidence is not `newly discovered.'" United States v. Rogers, 982 F.2d 1241, 1245 (8th Cir. 1993) (quoting United States v. Offutt, 736 F.2d 1199, 1202 (8th Cir. 1984)). Thus, Vollmer's affidavit is not newly discovered evidence.

Even assuming, *arguendo*, that this affidavit is newly discovered evidence, Meadows's claim fails. Meadows contends that his imprisonment violates the Eighth and Fourteenth Amendments because he is actually innocent. Although Meadows cites Schlup v. Delo, 115 S. Ct. 851 (1995), his reliance on Schlup is misplaced. This is not a case in which Meadows is attempting to use a claim of actual innocence to avoid a procedural bar in order to present other constitutional claims, as was the case in Schlup. Rather, this claim is analogous to the claim presented in Herrera v. Collins, 113 S. Ct. 853 (1993). The Herrera Court rejected free-standing claims of actual innocence as a basis for habeas review, stating, "[c]laims of actual innocence based on newly discovered evidence have never been held to state a ground for federal habeas relief absent an independent constitutional violation occurring in the underlying state criminal proceeding." Id. at 860. Accordingly, Meadows's claim of innocence based on newly discovered evidence is not cognizable on habeas review.

Meadows next asserts two claims of evidentiary error, contending that the trial court erred in admitting evidence of other crimes and hearsay statements.

Our review of alleged evidentiary errors is limited to determining whether such errors were so apparent that they "fatally

infected the trial and rendered it fundamentally unfair."  Troupe v. Groose, 72 F.3d 75, 76 (8th Cir. 1995).  To obtain habeas relief based on evidentiary error, Meadows must show "a reasonable probability that the error[s] affected the trial's outcome."  Id.  Our review of the record satisfies us that both the hearsay statements and evidence of other crimes were properly admitted and thus did not render Meadows's trial unfair.

Meadows's final claim is that he received ineffective assistance of counsel because of trial counsel's alleged concession that Meadows was involved in selling the stolen car.  During closing argument, Meadows's attorney stated, "Mr. Meadows did nothing, even by the State's own witnesses, his only involvement with the car was to make a phone call that didn't turn out to sell the car."

We conclude that trial counsel's decision to attempt to downplay Meadows's involvement in any of the events surrounding McClure's death reflected an exercise of "sound trial strategy" falling well within the "wide-range of reasonable professional assistance."  Strickland v. Washington, 466 U.S. 668, 689 (1984).

The judgment is affirmed.

A true copy.

        Attest:


                CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.

-5-