# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 99-1557

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | District of North Dakota |
| Juvenile JEH, | * | |
| | * | [UNPUBLISHED] |
| Appellant. | * | |

_____

Submitted:  December 29, 1999

Filed:  January 26, 2000

_____

Before McMILLIAN, RICHARD S. ARNOLD, and HANSEN, Circuit Judges.

_____

PER CURIAM.

Juvenile JEH appeals from the final judgment entered in the District Court[1] for the District of North Dakota, adjudicating that JEH committed assault resulting in serious bodily injury, in violation of 18 U.S.C. §§ 113(a)(6), 1153, and 5031-5042. The district court remanded JEH to the custody of the Attorney General until the age of twenty.  For reversal, JEH argues the government failed to prove beyond a

_____

[1]The Honorable Patrick A. Conmy, United States District Judge for the District of North Dakota.

reasonable doubt that the victim's injury was the result of a physical altercation between the victim and JEH, and there was compelling evidence that the victim's brother had caused the victim's injuries. For the reasons discussed below, we affirm the judgment of the district court.

In reviewing the sufficiency of the evidence in a juvenile case, we determine whether a reasonable factfinder could have found that the evidence, viewed in the light most favorable to the government, established the juvenile's guilt on each element of the offense beyond a reasonable doubt. See United States v. W.T.T., 800 F.2d 780, 781-82 (8th Cir. 1986). We find sufficient evidence supports the district court's finding that JEH assaulted the victim and caused him serious bodily injury: loss of an eye. See 18 U.S.C. §§ 113(a)(6) (elements of offense), 1365(g)(3) (definition of serious bodily injury).

One witness testified he saw JEH hit the victim, saw the victim fall into some bushes, saw blood on JEH's knuckles and chest, and heard JEH say he had knocked out the victim. Another witness testified she saw JEH hit the victim, saw JEH swing his foot at the victim, and heard JEH state that he had kicked the victim and thought the victim was bleeding. JEH testified that he took off his shirt because he thought he and the victim would fight, he hit the victim, and he pushed the victim with his foot. See United States v. Osborne, 164 F.3d 434, 439 (8th Cir. 1999) (assault resulting in serious bodily injury requires only general intent to commit acts of assault, not specific intent to do bodily harm). Although there was some evidence implicating the victim's brother, we find the district court did not clearly err in weighing this evidence and finding nonetheless that JEH caused the victim's injury. See United States v. E.R.B., 86 F.3d 129, 130 (8th Cir. 1996) (district court, as finder of fact in juvenile case, weighs credibility of witnesses and any contradictions between testimony and other evidence; court's credibility findings can almost never be clearly erroneous).

Accordingly, we affirm.

A true copy.

Attest:

          CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.