# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 00-2379

_____

Carlos Whitby,　　　　　　　　　　　*
　　　　　　　　　　　　　　　　　　*
　　　　　　Appellant,　　　　　　　*　Appeal from the United States
　　　　　　　　　　　　　　　　　　*　District Court for the
　　v.　　　　　　　　　　　　　　　*　Eastern District of Missouri.
　　　　　　　　　　　　　　　　　　*
Dave Dormire,　　　　　　　　　　　*　　　　　[UNPUBLISHED]
　　　　　　　　　　　　　　　　　　*
　　　　　　Appellee.　　　　　　　　*

_____

Submitted:  February 12, 2001

Filed:  February 16, 2001

_____

Before WOLLMAN, Chief Judge, BOWMAN, and MORRIS SHEPPARD ARNOLD,
　　　　Circuit Judges.

_____

PER CURIAM.

Carlos Whitby pled guilty to various charges in state court, including, among other things, kidnapping and conspiracy to commit murder, and was sentenced to prison for forty years. His convictions were sustained by the state courts. He appeals from the denial by the District Court[1] of his federal habeas petition. We affirm.

_____

[1]The Honorable Jean C. Hamilton, Chief Judge, United States District Court for the Eastern District of Missouri.

Whitby presented the District Court with a free-standing claim of actual innocence based on newly discovered evidence. The District Court correctly ruled that such a claim is not cognizable in a federal habeas proceeding. See Herrera v. Collins, 506 U.S. 390, 400 (1993); Meadows v. Delo, 99 F.3d 280, 283 (8th Cir. 1996). Though Whitby now argues that the District Court erred in analyzing his newly discovered evidence under the Herrera standard instead of under Schlup v. Delo, 513 U.S. 298, 315 (1995) (holding that a claim of actual innocence is "a gateway through which a habeas petitioner must pass to have his otherwise barred constitutional claim considered on the merits" (quoting Herrera, 506 U.S. at 404)), the record reveals that Whitby never asserted a Schlup claim in the District Court. Nor could he successfully have raised a Schlup claim, inasmuch as none of his claims was procedurally barred and the District Court dealt with all of them on their merits. Accordingly, any claim based on Schlup has been waived and, in any event, would have been inapposite.

We discern no error in the well-reasoned opinion of the District Court. Our disposition of the case makes it unnecessary for us to address the State's alternative argument that Whitby's proffered newly discovered evidence is not, in fact, "newly discovered." The decision of the District Court is affirmed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.