# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 03-3484

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Plaintiff - Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Western District of Missouri. |
| Larry B. Painter, | * | |
| | * | |
| Defendant - Appellant. | * | |

_____

Submitted:  September 16, 2004
Filed:  March 24, 2005

_____

Before LOKEN, Chief Judge, BEAM and SMITH, Circuit Judges.

_____

LOKEN, Chief Judge.

Larry Painter is a previously convicted felon who pleaded guilty to firearm possession offenses in violation of 18 U.S.C. §§ 922(g)(1) and (3). The district court[1] found that Painter had three prior violent felony convictions and imposed the minimum fifteen-year prison sentence mandated by 18 U.S.C. § 924(e)(1). Painter appeals, arguing that the court erred in ruling that a prior California burglary conviction was a violent felony as defined in 18 U.S.C. § 924(e)(2)(B). We conclude that the district court properly imposed the mandatory minimum fifteen-year sentence.

---

[1]The HONORABLE DEAN WHIPPLE, Chief Judge of the United States District Court for the Western District of Missouri.

This conclusion means that we need not address the additional Guidelines sentencing issues Painter raises on appeal. In addition, because the sentence is mandated by statute, it is free of error under the Supreme Court's recent decision in <u>Booker v. United States</u>, 125 S. Ct. 738 (2005). Accordingly, we affirm.

  <u>The Governing Legal Rule.</u> The Armed Career Criminal Act of 1984, as amended in 1986, imposes a mandatory minimum fifteen-year prison sentence if a federal firearm offender has three prior "violent felony" convictions. The Act defines violent felony as an offense punishable by imprisonment for more than one year if it:

    (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
    (ii) <u>is burglary</u>, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

18 U.S.C. § 924(e)(2)(B) (emphasis added). Burglary is not now defined in the statute. The 1986 amendments repealed a provision in the 1984 Act that defined burglary. <u>See</u> 18 U.S.C. app. § 1202(c)(9) (1985).

  The Supreme Court took up this definitional void in <u>Taylor v. United States</u>, 495 U.S. 575 (1990). Noting that repeal of the 1984 definition "may have been an inadvertent casualty of a complex drafting process," 495 U.S. at 589-90, the Court declined to look to the various state law definitions of burglary because that would result in a lack of uniformity in federal sentencing. Under this approach, the Court explained, "a person imprudent enough to shoplift or steal from an automobile in California would be found . . . to have committed a burglary constituting a 'violent felony' for enhancement purposes -- yet a person who did so in Michigan might not." 495 U.S. at 591. The Court also rejected the traditional common law definition of burglary, which includes the elements of breaking and entering at night, because it is narrower than the array of property offenses that Congress intended to include.

Instead, concluding that Congress intended to include burglary in "the generic sense in which the term is now used in the criminal codes of most States," 495 U.S. at 598, the Court held that burglary within the meaning of § 924(e)(2)(B)(ii) is "any crime . . . having the basic elements of unlawful or unprivileged entry into, or remaining in, a building or structure, with intent to commit a crime." 495 U.S. at 599.

The Court then took up the question whether a prior burglary conviction may ever be counted as a "violent felony" if the state statute defined the offense to include conduct that falls outside the Court's definition of generic burglary, such as entering and stealing from a parked automobile. The Court held "that an offense constitutes 'burglary' for purposes of a § 924(e) sentence enhancement if either its statutory definition substantially corresponds to 'generic' burglary, or the charging paper and jury instructions actually required the jury to find all the elements of generic burglary in order to convict." 495 U.S. at 602. However, the Court emphasized that this "categorical approach" precludes the federal sentencing court from undertaking a broad inquiry into the facts underlying the prior burglary conviction. Like other circuits, we have extended this principle to convictions based on guilty pleas where the statute included non-generic forms of burglary but the charging paper and the defendant's guilty plea confirm that the offense fell within Taylor's definition of generic burglary. See United States v. Demint, 74 F.3d 876, 877 (8th Cir. 1996). The Supreme Court recently agreed "that Taylor's reasoning controls the identification of generic convictions following [guilty] pleas, as well as convictions on verdicts, in States with nongeneric offenses." Shepard v. United States, No. 03-9168, slip op. at 5, 544 U.S. --- (U.S. Mar. 7, 2005).

The Issue in This Case. The prior conviction at issue resulted from Painter's guilty plea to a charge that he violated § 459 of the California Penal Code. That statute provides that "[e]very person who enters any house . . . store . . . railroad car . . . [or] vehicle . . . when the doors are locked . . . with intent to commit grand or petit larceny or any felony is guilty of burglary." This definition goes beyond generic

burglary as defined in Taylor because it is not limited to unlawful or unprivileged entries into buildings. Thus, Painter's charging paper and the record of his guilty plea must be reviewed to determine whether he was convicted of generic burglary for purposes of the § 924(e) enhancement.

Painter was charged by a three-count information filed in the Superior Court for the County of Los Angeles. Count 1, to which he pleaded guilty, charges that:

> On or about October 23, 1989, in the County of Los Angeles, the crime of BURGLARY--GRAND THEFT, in violation of PENAL CODE SECTION 459, a Felony, was committed by LARRY BLAINE PAINTER, who did willfully and unlawfully enter ABCO Hardware Inc. located at 4339 E. Imperial Hwy, Lynwood with the intent to commit larceny and did in fact commit larceny of property in excess of Four Hundred Dollars ($400).

Court records reflect that on March 9, 1990, Painter withdrew his plea of not guilty and pleaded guilty to Count 1. On their face, these documents show that Painter pleaded guilty to generic burglary -- unlawful entry into a commercial building with intent to commit larceny.[2] But Painter argued to the district court that this was not a generic burglary offense, offering testimony and a probation officer's report tending to show that he entered a hardware store during normal business hours and then fraudulently obtained tools and other property. The district court rejected this

_____

[2]In Shepard, the defendant was charged with burglary of "a building, ship, vessel or vehicle" located at "30 Harlem St." Shepard, slip op. at 4 of Justice O'Connor's dissent. The Court held that this was insufficient to establish generic burglary because the charging paper did not clearly allege illegal entry into a building and the categorical approach of Taylor precludes looking at court records other than a plea agreement, plea colloquy, or comparable document confirming the factual basis for the guilty plea. Here, on the other hand, Painter was charged with unlawful entry into "ABCO Hardware, Inc. located at 4339 E. Imperial Hwy." Painter does not dispute that the only plausible reading of this charging paper is unlawful entry into a hardware store located in a building or structure.

evidence, concluding that it was bound by the charging paper which established that the offense was generic burglary. On appeal, Painter argues the district court erred in imposing the § 924(e) enhancement because the extrinsic evidence established that he lawfully entered a store with intent to commit fraud, which is not generic burglary.

Painter's contention exposes a subtle problem in defining generic burglary of a commercial building for purposes of § 924(e), a problem the Supreme Court did not discuss, much less resolve, in Taylor. Does the element of generic burglary requiring that the entry be "unlawful or unprivileged" limit commercial burglary of a store to entries made outside of normal business hours? The Model Penal Code provision cited in Taylor expressly answers this question in the affirmative, and the Court said that its definition of generic burglary "approximates that adopted by the drafters of the Model Penal Code."[3] Or does "unlawful entry" of a store include entries during business hours with the intent to commit a crime, a further expansion of the common law concept of burglary as breaking and entering at night? The statutory definition in the 1984 Act -- "entering or remaining surreptitiously within a building that is property of another with intent" to commit a crime -- included such entries. The Court in Taylor said that its definition of generic burglary "is practically identical to the 1984 definition," 495 U.S. at 598. Thus, Taylor leaves the issue unresolved.

Assuming the truth of Painter's extrinsic evidence, his violation of § 459 was burglary within the meaning of the definition in the 1984 Act, which Congress

---

[3]495 U.S. at 598 n.8, quoting § 221.1 of the Model Penal Code: burglary is "enter[ing] a building or occupied structure . . . with purpose to commit a crime therein, unless the premises are at the time open to the public." (Emphasis added.)

repealed, but not within the meaning of the Model Penal Code. The substantive question, then, is whether it is "generic burglary" within the meaning of Taylor.[4]

The Ninth Circuit has often applied Taylor to determine whether a prior California burglary conviction was a violent felony for purposes of the § 924(e) enhancement. In United States v. Parker, 5 F.3d 1322, 1325 (9th Cir. 1993), the court held that a prior conviction was not generic burglary because the state court charging paper did not allege that defendant's entry was "unlawful or unprivileged." On the other hand, in numerous cases, the Ninth Circuit has held that prior California convictions were generic burglaries when the indictment or information charged that the defendant "unlawfully" entered a building to commit a crime, and the defendant's guilty plea, the transcript of his plea proceeding, or the judgment of conviction confirmed that he pleaded guilty to that charge. See United States v. Velasco-Medina, 305 F.3d 839, 852 (9th Cir. 2002), and cases cited; United States v. Bonat, 106 F.3d 1472, 1476-77 (9th Cir. 1997), cited favorably in Shepard, slip op. at 6 n.3. However, consistent with the Supreme Court's categorical approach in Taylor, 495 U.S. at 601-02, as reconfirmed in Shepard, the Ninth Circuit has "foreclosed any approach that considers the underlying facts of prior convictions to determine

---

[4]Though § 459 of the California Penal Code does not explicitly require that a burglar's entry be "unlawful," the Supreme Court of California has long held that unlawful entry is an element of burglary. See People v. Montoya, 874 P.2d 903, 911 (Cal. 1994). However, in People v. Barry, 29 P. 1026 (Cal. 1892), that Court established that a person may be convicted of burglary of a store under § 459 even if he entered during normal business hours. As the Court explained in People v. Gauze, 542 P.2d 1365, 1367 (Cal. 1975):

> the underlying principle of the *Barry* case is that a person has an implied invitation to enter a store during business hours for legal purposes only. . . . [Thus,] burglary remains an entry which invades a possessory right in a building. And it still must be committed by a person who has no right to be in the building.

whether a defendant was convicted by a jury or pleaded guilty to" generic burglary. United States v. Franklin, 235 F.3d 1165, 1171 (9th Cir. 2000).

We agree with the Ninth Circuit's approach in evaluating California burglary convictions. When the charging paper charged generic burglary -- unlawful entry into a building to commit a crime -- the conviction is a violent felony for purposes of § 924(e) unless a plea agreement or plea colloquy establishes that the defendant pleaded guilty to an offense that was not generic burglary. Thus, to preserve the substantive issue that Painter argues in this case -- that he did not commit generic burglary because his unlawful entry into a commercial building was unlawful only in purpose, not in manner -- the defendant must lay the factual predicate for that issue in his guilty plea to the California court. As Painter failed to do so, the district court properly applied the § 924(e) enhancement.

The judgment of the district court is affirmed.

_____