# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No.  05-1256

_____

United States of America,

          Appellee,

v.

Benjamin Joseph Langford,

          Appellant.

\* 
\* 
\* 
\* 
\*   Appeal from the United States
\*   District Court for the
\*   Southern District of Iowa.
\* 
\*    [UNPUBLISHED]
\*

_____

Submitted: September 12, 2005
Filed: November 17, 2005

_____

Before MELLOY, BEAM, and BENTON, Circuit Judges.

_____

PER CURIAM.

Benjamin Joseph Langford was convicted of bank robbery, possession of a firearm during a crime of violence, and being a felon in possession of a firearm. Based on his prior felony convictions, the District Court[1] sentenced Langford to two life terms on the bank-robbery and felon-in-possession counts, with a consecutive seven-year term for the possession-of-a-firearm count.  Langford appeals. This court affirms.

_____

[1]The Honorable Ronald E. Longstaff and The Honorable Harold D. Vietor, Southern District of Iowa.

I.

Langford was convicted for two robberies in 2004. First, at a restaurant in Des Moines, Iowa, Langford used a revolver to hold up the manager. Within weeks, he robbed a bank in Iowa City, Iowa.

Two days later, the restaurant manager spotted Langford at a bus stop in downtown Des Moines. The manager called the police, who responded and captured him. During the arrest, officers found a pistol, bullets, and a large amount of cash in Langford's pockets.

Langford testified that at the arrest, someone whom he assumes was an officer asked him where he got the money. Langford claims he responded, "You're going to have to ask my lawyer." Then, according to Langford, a different unknown person asked, "Who's your lawyer?" He replied, "I don't know yet." Langford was then placed in a police vehicle, taken in for questioning, and informed of his rights under *Miranda v. Arizona,* 384 U.S. 436 (1966). He waived those rights and confessed.

At trial, Langford moved to have his confession suppressed. The district court denied the motion, finding Langford did not communicate to the officers a desire to remain silent. The court further concluded that even if the statements in question were made, they did not unambiguously invoke the right to counsel.

II.

A.

Langford first complains that the district court erred by finding he did not communicate clearly to the arresting officers his wish to remain silent and to have an attorney present during questioning. This court reviews the district court's factual

findings for clear error and its conclusions of law de novo. *See United States v. Barry*, 394 F.3d 1070, 1074 (8th Cir. 2005); *United States v. Welerford*, 356 F.3d 932, 935 (8th Cir. 2004). This court affirms the order to suppress "unless the decision was unsupported by substantial evidence, is based on an erroneous view of the applicable law, or in light of the entire record, we are left with a firm and definite conviction that a mistake has been made." *United States v. Vanhorn*, 296 F.3d 713, 717 (8th Cir. 2002).

An accused has the right to have counsel present during custodial interrogations. *See Miranda v. Arizona*, 384 U.S. 436, 467-70 (1966). At trial, Langford testified that when he said, "You're going to have to ask my lawyer," he intended to invoke his right to counsel. Once an accused invokes this right, no further interrogation may occur until counsel is available. *See Edwards v. Arizona*, 451 U.S. 477, 484 (1981). However, the accused must make a clear and unambiguous request for counsel. *See Davis v. United States*, 512 U.S. 452, 459 (1994).

Although Langford defends his recollection of the arrest, the arresting officer contradicted his testimony, stating that Langford said nothing during his arrest and spoke for the first time only after waiving his *Miranda* rights. The district court, expressly considering the credibility of the witnesses, concluded that Langford did not say, "You're going to have to ask my lawyer."

A district court's credibility determination is entitled to great deference. *See United States v. Harris*, 352 F.3d 362 (8th Cir. 2003); *United States v. E.R.B.*, 86 F.3d 129, 130 (8th Cir. 1996). "When a trial judge's finding is based on his decision to credit the testimony of one of two or more witnesses, each of whom has told a coherent and facially plausible story that is not contradicted by extrinsic evidence, that finding, if not internally inconsistent, can virtually never be clear error." *Anderson v. Bessemer City*, 470 U.S. 564, 575 (1985).

Because Langford did not clearly invoke his right to counsel, the motion to suppress was correctly denied.

## B.

Langford objects that the government should be compelled to prove to the jury beyond a reasonable doubt that he was previously convicted of violent felonies. Failure to do so, he believes, violates his Fifth and Sixth Amendment rights to due process and to trial by jury.

Langford concedes that *Almendarez-Torres v. United States*, 523 U.S. 224 (1998), refutes his argument, but he asserts it was wrongly decided and should be overruled.

This Court may not disregard or overturn Supreme Court precedents. *See United States v. Davis,* 260 F.3d 965, 969 (8th Cir. 2001). True, the Supreme Court has noted that it is "arguable that *Almendarez-Torres* was incorrectly decided." *Apprendi v. New Jersey,* 530 U.S. 466, 489 (2000). This Court follows "what the Supreme Court *has said*, not guess what it *might* say in the future." *United States v. Maynie*, 257 F.3d 908, 918 (8th Cir. 2000).

"[A] prior felony conviction is a sentencing factor and not a separate offense and it therefore does not need to be pled in the indictment or put to a jury." *United States v. Thomas*, 398 F.3d 1058, 1063 (8th Cir. 2005). Therefore, following *Almendarez-Torrez,* the district court properly considered Langford's prior convictions.

C.

Langford was convicted of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). He attacks the life sentence imposed, claiming the statutory maximum is 15 years. This is simply incorrect. "The Armed Career Criminal Act of 1984, 18 U.S.C. § 924 (e) (ACCA), raises the penalty for possession of a firearm by a felon from a maximum of 10 years in prison to a mandatory *minimum* sentence of 15 years and a *maximum* of life in prison without parole if the defendant 'has three previous convictions...for a violent felony or a serious drug offense.'" *Custis v. United States*, 511 U.S. 485, 487 (1994) (emphasis added). The district court properly imposed the sentence of life imprisonment. *See United States v. Painter*, 400 F.3d 1111, 1111 (8th Cir. 2005); *United States v. Carey*, 898 F.2d 642, 644 (8th Cir. 1990).

III.

The judgment of the district court is affirmed.

_____