

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-26-2007

# USA v. Made

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-1767

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"USA v. Made" (2007). *2007 Decisions.* Paper 1206.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/1206

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

<u>NOT PRECEDENTIAL</u>

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

Case No.: 06-1767

UNITED STATES OF AMERICA

v.

MADE MANUEL, a/k/a/ Wade Manuel,

MANUEL MADE,

Appellant

_____

On Appeal from the United States District Court
for the District of New Jersey
District Court No.: 02-cr-00169
District Judge: The Honorable William G. Bassler

_____
Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
April 13, 2007

Before: SMITH and COWEN, *Circuit Judges*,
and YOHN, *District Judge\**

(Filed:  April 26, 2007)

_____

OPINION

_____

_____

  *The Honorable William H. Yohn Jr., Senior District Judge for the Eastern District
of Pennsylvania, sitting by designation.

YOHN, *District Judge*.

Manuel Made appeals his sentence of 60 months imposed after he pleaded guilty to one count of conspiracy to distribute and possess with intent to distribute more than 100 grams of heroin in violation of 21 U.S.C. § 841(a)(1) & (b)(1)(B) and 21 U.S.C. § 846. Made's counsel has filed a motion to withdraw as counsel and a supporting brief under *Anders v. California*, 386 U.S. 738 (1967). Made was notified of his right to submit a *pro se* brief in support of his appeal, but has not done so. For the following reasons, we will affirm the District Court's judgment of sentence and grant counsel's motion to withdraw.

On July 7, 2003, pursuant to a written agreement with the government, Made pleaded guilty to one count of conspiracy to distribute and possess with intent to distribute more than 100 grams of heroin. Made's presentence report noted that under § 841(b)(1)(B), the conspiracy count carried a mandatory minimum term of 5 years and a maximum term of 40 years. Made's Offense Level of 27 with a Criminal History Category of I brought him within a Sentencing Guidelines range of 70 to 87 months. At the sentencing hearing on January 14, 2004, the District Court imposed a sentence of 70 months. Made appealed his sentence. The Third Circuit remanded for resentencing in accordance with the Supreme Court's intervening decision in *United States v. Booker*, 543 U.S. 220 (2005).

At Made's resentencing hearing on February 28, 2006, the District Court reduced his sentence to 60 months. The government did not file a motion under 18 U.S.C. §

2

3553(e) based on his substantial assistance to authorities and defendant's counsel agreed that Made had no "safety valve" eligibility under 18 U.S.C. § 3553(f). (App. 15.) Emphasizing the "flexibility" allowed under 18 U.S.C. § 3553(a) (App. 23), the District Court continued:

> I can't imagine that Mr. Made has not realized the seriousness of the offense and that the amount of time he's spending in the federal facility along with the Passaic County Jail does not afford adequate deterrence to any future conduct. I'm satisfied that he doesn't need another ten months to protect the public from further crimes, and I don't think he needs another ten months to reflect [on] the seriousness of the offense.

(*Id.* at 23.) The District Court therefore determined that the mandatory minimum was "sufficient but not greater than necessary to reflect the seriousness of the offense, . . . to promote respect for the law and provide just punishment for the offense." (*Id.* at 22.) Made filed a timely notice of appeal.[1]

In *Anders v. California*, 386 U.S. 738 (1967), the Supreme Court held that if court-appointed counsel "finds [an appeal] to be wholly frivolous, after a conscientious examination" of the record, he should "so advise the court and request permission to withdraw." *Id.* at 744. Third Circuit Local Appellate Rule 109.2(a) ("L.A.R. 109.2(a)"), enacted in response to the *Anders* guidelines, permits counsel to file a motion to withdraw and supporting *Anders* brief if, upon review of the record, counsel "is persuaded that the appeal presents no issue of even arguable merit." Third Circuit L.A.R. 109.2(a). In an

---

[1]The District Court had jurisdiction under 18 U.S.C. § 3231. The Third Circuit has appellate jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a). *See United States v. Cooper*, 437 F.3d 324, 327-28 (3d Cir. 2006).

*Anders* brief, counsel must "satisfy the court that he or she has thoroughly scoured the record in search of appealable issues" and must also "explain . . . why the issues are frivolous." *United States v. Marvin*, 211 F.3d 778, 780-81 (3d Cir. 2000). The Third Circuit evaluates counsel's *Anders* brief to determine: "(1) whether counsel adequately fulfilled the rule's requirements; and (2) whether an independent review of the record presents any nonfrivolous issues." *United States v. Youla*, 241 F.3d 296, 300 (3d Cir. 2001).

In this case, we find that Made's counsel has adequately fulfilled the requirements of L.A.R. 109.2 by scrutinizing the record and determining the appeal to be frivolous. Made's counsel has a filed a 13-page *Anders* brief, which set forth the factual background and procedural history of the case, and attached a 24-page appendix. Made's counsel identified one possible issue for appeal–whether Made's 60-month sentence is reasonable–and explained why this issue is frivolous.

Additionally, an independent review of the record presents no non-frivolous issue. Made might possibly challenge his sentence as unreasonable. However, the record reveals the District Court considered the § 3553(a) factors, and the District Court, in fact, imposed a sentence below the advisory guidelines range. (App. 19-24.) In addition, Made's sentence is reasonable under *Booker* because the District Court did not have the discretion to sentence him to a term lower than the statutory minimum. *See United States v. Smith*, 419 F.3d 521, 532 (6th Cir. 2005); *United States v. Payton*, 405 F.3d 1168, 1173

4

(10th Cir. 2005); *United States v. Raad*, 406 F.3d 1322, 1323 n.1 (11th Cir. 2005) ("[T]here is no merit to Raad's claim that his sentence is unconstitutional in light of *United States v. Booker* . . . [because] Raad was sentenced to the mandatory minimum sentence based on the facts to which he pleaded guilty."); *United States v. Painter*, 400 F.3d 1111, 1111 (8th Cir. 2005) ("[B]ecause the sentence is mandated by statute, it is free of error under the Supreme Court's recent decision in *Booker*. . . ."); *United States v. Antonakopoulos*, 399 F.3d 68, 75 (1st Cir. 2005). Further, this case did not involve two bases that permit sentencing courts to impose a sentence below the statutory minimum: a substantial assistance motion, 18 U.S.C. § 3553(e), or a defendant's safety-valve eligibility, 18 U.S.C. § 3553(f). (*See* App. 15.)

Accordingly, we will affirm the February 28, 2006 judgment of the District Court and we will grant counsel's motion to withdraw.