

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-3-2007

# USA v. Matos

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-3578

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"USA v. Matos" (2007). *2007 Decisions.* Paper 813.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/813

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 06-3578
_____

UNITED STATES OF AMERICA

v.

HERCY MATOS,

Appellant

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. No. 05-cr-00392)
District Judge:  Honorable Sylvia H. Rambo
_____

Submitted Under Third Circuit LAR 34.1(a)
June 18, 2007

Before:  McKEE, FISHER and CHAGARES, *Circuit Judges*.

(Filed: July 3, 2007 )
_____

OPINION OF THE COURT
_____

FISHER, *Circuit Judge*.

Hercy Matos appeals his July 21, 2006 sentence of 120 months after he pleaded

guilty to one count of possession with intent to distribute 50 grams or more of cocaine

base in violation of 21 U.S.C. § 841(a).  Presently, Matos's counsel moves to withdraw

representation pursuant to *Anders v. California*, 386 U.S. 738 (1967), and has filed a supporting brief asserting that no nonfrivolous issues can be presented upon appeal. For the reasons the follow, we will grant counsel's *Anders* motion and affirm the District Court's judgment of sentence.

## I.

As we write only for the parties who are familiar with the factual context and the procedural history of this case, we will set forth only those facts necessary to our analysis. On March 3, 2006, pursuant to a written agreement with the Government, Matos pleaded guilty to one count of possession with intent to distribute 50 or more grams of cocaine base, and waived his right to appeal his conviction and sentence. During sentencing, the District Court calculated a base offense level of 34, taking into account the applicable United States Sentencing Guideline ("Guidelines") for a 21 U.S.C. § 841(a)(1) offense and a two-level increase for the possession of two firearms. Matos then asked for a four-level departure to match that given to his co-defendant, but the District Court denied that request because Matos did not testify in a jury trial while cooperating with the Government, as his co-defendant had done. Instead, the District Court granted a three-level downward departure for Matos's acceptance of responsibility, bringing the base offense level to 31. This resulted in an advisory Guidelines range of 110 to 137 months imprisonment. Accordingly, the District Court imposed a 120-month sentence, the

2

statutory minimum for a violation of 21 U.S.C. § 841(a)(1). *See* 21 U.S.C.

§ 841(b)(1)(A)(iii).

Following the District Court's judgment of sentence, Matos filed a *pro se* notice of

appeal on July 28, 2006. His counsel then filed this motion to withdraw. We exercise

jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).[1]

## II.

In *Anders v. California*, the Supreme Court held that if counsel "finds [an appeal]

to be wholly frivolous, after a conscientious examination" of the record, he should "so

advise the court and request permission to withdraw." 386 U.S. at 744. Counsel may file

a motion to withdraw and a supporting *Anders* brief if, upon review of the record, counsel

believes that there are no issues of merit to be reviewed upon appeal. L.A.R. 109.2(a). In

the brief, counsel must "satisfy the court that he or she has thoroughly scoured the record

---

[1]In our recent decision in *United States v. Gwinnett*, 483 F.3d 200 (3d Cir. 2007), we explained that we do have jurisdiction over appeals even where, as here, the defendant has waived his right to appeal. *Id.* at 203 ("This Court has both statutory and constitutional subject matter jurisdiction over appeals when a criminal defendant has waived his appellate rights in an enforceable plea agreement."). Nonetheless, we held that "we will not exercise that jurisdiction to review the merits of [such an appeal] if we conclude that [the defendant] knowingly and voluntarily waived h[is] right to appeal unless the result would work a miscarriage of justice." *Id.* As the instant case was filed prior to our opinion in *Gwinnett*, however, neither defense counsel nor the Government has briefed the issue of whether the waiver here was knowing and voluntary, nor has the Government challenged Matos's right to appeal his sentence. Thus, although a review of the record does not raise any concerns regarding the knowing and voluntary nature of Matos's waiver, we choose in this instance to look to the merits of the possible claims Matos might have on appeal.

3

in search of appealable issues" and must also "explain . . . why the issues are frivolous." *United States v. Marvin*, 211 F.3d 778, 780-81 (3d Cir. 2000). We evaluate counsel's *Anders* brief to determine "(1) whether counsel adequately fulfilled the [local] rule's requirements; and (2) whether an independent review of the record presents any nonfrivolous issues." *United States v. Youla*, 241 F.3d 296, 300 (3d Cir. 2001).

## A.

Under the first prong of this inquiry, counsel must present sufficient information "to satisfy the court that counsel has thoroughly examined the record in search of appealable issues, and . . . explain[ed] why the issues are frivolous." *Id.* In his brief, counsel raises a single possible issue for appeal – whether Matos's sentence was reasonable under *United States v. Booker*, 543 U.S. 220 (2005) – and sufficiently explains why this issue is frivolous. Having reviewed counsel's brief and accompanying materials, we conclude that he has satisfied the requirements of L.A.R. 109.2(a).

## B.

After concluding that counsel has satisfied the requirements of L.A.R. 109.2(a), we must independently review the record and determine whether any nonfrivolous issues exist for purposes of appeal. An appeal is frivolous as a matter of law where "none of the legal points [are] arguable on their merits." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). In undertaking this independent review, "where an *Anders* brief initially appears to be adequate on its face, the proper course is for the appellate court to be guided in

reviewing the record by the *Anders* brief itself." *Youla*, 241 F.3d at 301.  A "complete

scouring of the record" is unnecessary.  *Id.*  Because we find counsel's *Anders* brief to be

adequate on its face, we are guided by that brief in our inquiry.

As an initial matter, we note that "[t]his [C]ourt does not have jurisdiction over an

appeal of a district court's exercise of discretion whether, or by how much, to grant a

downward departure."  *United States v. Denardi*, 892 F.2d 269, 272 (3d Cir. 1989); *see*

*also United States v. Cooper*, 437 F.3d 324, 332-33 (3d Cir. 2006).  As such, there is no

merit to any possible argument regarding the District Court's decision to grant Matos a

three-level downward departure rather than the four-level departure he requested.

In addition, we conclude that there is no colorable argument that Matos's

120-month sentence is unreasonable.  When reviewing a sentence for reasonableness, we

consider (1) whether the Guidelines range was properly calculated, (2) whether the

District Court properly ruled on any formal motions for departure, and (3) whether the

District Court properly exercised its discretion by considering the § 3553(a) factors.

*United States v. Gunter*, 462 F.3d 237, 247 (3d Cir. 2006).

In reaching Matos's sentence, the District Court did not err on either of the first

two prongs, and we conclude that it gave proper consideration to the factors outlined in

§ 3553(a) of  the Guidelines.  Matos had multiple prior convictions and had adjusted

poorly to prior periods of supervision.  Further, the District Court's ultimate sentence was

the statutory minimum for the crime to which he pleaded guilty.  *See United States v.*

5

*Raad*, 406 F.3d 1322, 1323 (11th Cir. 2005) ("[T]here is no merit to Raad's claim that his sentence is unconstitutional in light of *United States v. Booker* . . . [because] Raad was sentenced to the mandatory minimum sentence based on the facts to which he pleaded guilty."); *United States v. Painter*, 400 F.3d 1111, 1111 (8th Cir. 2005) ("[B]ecause the sentence is mandated by statute, it is free of error under the Supreme Court's recent decision in *Booker* . . . ."). Accordingly, our independent review of the record reveals that Matos has no nonfrivolous issue for appeal regarding either the sentence imposed by the District Court or any other aspect of the proceedings below.

III.

Accordingly, we will affirm the District Court's judgment of sentence and grant counsel's motion to withdraw.[2]

---

[2]As a result, we conclude that it is not necessary to appoint counsel to file a petition for rehearing in this Court or a petition for writ of certiorari in the United States Supreme Court on Matos's behalf. *See* L.A.R. 109.2(b).