# United States Court of Appeals
## For the Eighth Circuit

_____

No. 18-1369

_____

United States of America

*Plaintiff - Appellee*

v.

Casey Peebles

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Eastern District of Missouri - St. Louis

_____

Submitted: January 14, 2019
Filed: March 12, 2019
[Unpublished]

_____

Before SMITH, Chief Judge, COLLOTON and ERICKSON, Circuit Judges.

_____

PER CURIAM.

In <u>United States v. Peebles</u>, 883 F.3d 1062 (8th Cir. 2018), we affirmed the district court's denial of Casey Peebles's motion for judgment of acquittal. While Peebles's first appeal was pending, he filed a motion for new trial under Federal Rule of Criminal Procedure 33, asserting an affidavit signed by co-defendant Joseph

Rander constitutes newly discovered evidence necessitating a new trial. The district court[1] denied the motion. We affirm.

On October 7, 2016, a jury found Peebles guilty of conspiracy to distribute 100 grams or more of heroin and of possession with intent to distribute 100 grams or more of heroin. Evidence at trial established that Peebles was a member of the Rander Drug Trafficking Organization, which delivered drugs from California and distributed them throughout the greater St. Louis, Missouri, metropolitan area. An informant testified for the prosecution about events that occurred on April 2 and 3, 2013, at 5911A Highland Avenue in St. Louis. The informant testified that Rander told him to "work the door" and provide security while Rander distributed heroin. According to the informant, Rander told him Peebles was about to pull up and he should go to the door to let Peebles in. The informant notified police that Peebles briefly entered the residence, where Rander handed Peebles a Ziploc bag filled with narcotics. Police subsequently stopped Peebles's car and found 247.3 grams of a substance containing heroin during a search of a passenger.

On October 31, 2017, Peebles filed a motion for new trial on the basis of "newly discovered evidence." The evidence consisted of an affidavit signed by Rander on August 13, 2017, and received by defense counsel ten days later. In the affidavit, Rander states he was never at 5911A Highland on the dates in question, he does not know Peebles or the passenger, and the statements attributed to Rander by the informant were false. Rander was not called to testify at Peebles's trial.

The district court determined a hearing on the motion was unnecessary and denied the motion. The court concluded: (1) the evidence was not newly discovered; (2) Peebles did not execute due diligence to discover the evidence; and (3) it was not

[1] The Honorable E. Richard Webber, United States District Judge for the Eastern District of Missouri.

probable that the evidence would have resulted in an acquittal had it been presented at trial. Peebles timely appealed.

We review the district court's denial of a motion for new trial based on newly discovered evidence for clear abuse of discretion. United States v. Bell, 761 F.3d 900, 911 (8th Cir. 2014) (citation omitted). To obtain a new trial on the basis of newly discovered evidence, Peebles must show:

> (1) the evidence is in fact newly discovered since trial; (2) diligence on his part; (3) the evidence is not merely cumulative or impeaching; (4) the evidence is material to the issues involved; and (5) it is probable that the new evidence would produce an acquittal at the new trial.

Id. (quoting United States v. Myers, 503 F.3d 676, 682–83 (8th Cir. 2007)).

The district court did not clearly abuse its discretion. In Bell, we held that "[e]ven where an affidavit is not available until after trial, if the factual basis for the testimony in the affidavit existed before trial, then it is not newly discovered evidence." Id. (citing Meadows v. Delo, 99 F.3d 280, 282 (8th Cir. 1996)). Peebles's "new evidence" is similar to that in Bell's failed appeal: Peebles knew about Rander's involvement in the conspiracy prior to trial; failed to obtain Rander's testimony earlier; and failed to explain why he did not locate, attempt to interview, or subpoena Rander before trial. See id. at 911–12 (affirming the district court's conclusions that Bell's evidence was not newly discovered and Bell did not demonstrate due diligence). In light of the ample evidence presented at trial of Peebles's guilt, the district court was also well within its discretion to conclude it was not probable that the evidence in the affidavit would have resulted in an acquittal. We affirm the district court's denial of Peebles's motion for new trial and grant Peebles's motion to supplement the record.

_____